Geneva DUNCAN and Jake Duncan, Appellants,

v.

Robert BECK and Cooper Pallets Company, Appellees.

Court of Appeals of Kentucky.

July 1, 1977.

Stephen R. Veth, Kenneth R. Burgess, David Kaplan, Louisville, for appellants.

Chester A. Vittitow, Jr., Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

HAYES, Judge.

This is an appeal of a summary judgment entered in the Jefferson Circuit Court which dismissed appellants' claims for personal injuries and property damage arising out of an automobile accident. Appellants, Geneva and Jake Duncan, contend that the trial court erred in granting this judgment. This court agrees in part and reverses that portion of the judgment which concerns the property damage.

On August 5, 1975, appellants were involved in a collision with appellee, Robert Beck, who was driving a vehicle owned by Cooper Pallets. As a result of this accident, appellants suffered certain injuries. In addition, the vehicle, which was owned and driven by Geneva Duncan, was totally destroyed. Jake Duncan's injuries consisted of contusions and abrasions of the right knee and pain in his neck and back. Geneva Duncan suffered pain throughout most of her body. Both appellants were treated by the same physician and each incurred medical expenses of less than three hundred dollars ($300.00).

Appellants filed suit in February, 1976, seeking to recover for their personal injuries and property damage. Only the appellee, Robert Beck, filed an answer to this action, although both appellees were served. A motion for a summary judgment was made in October of 1976, alleging that this claim was barred by KRS 304.39–010 et seq. This motion was granted some three (3) days prior to the scheduled trial date.

Since neither appellant had rejected "no fault" they are both subject to the provisions of KRS 304.39–010 et seq. KRS 304.-39–060(2)(a) abolished tort liability for personal injuries received as the result of an automobile accident. However, KRS 304.-39–060(2)(b) does permit tort actions under the following exceptions:

1. Medical expenses which exceed $1,000.00.
2. Permanent disfigurement.
3. Fracture to a weight-bearing bone.
4. Compound, comminuted, displaced or compressed fracture.
5. Loss of body member.
6. Permanent injury within a reasonable medical probability.
7. Permanent loss of a bodily function.
8. Death.

Although their medical expenses do not exceed one thousand dollars ($1,000.00), appellants contend that their injuries are such as to place them within other exceptions listed in KRS 304.39–060(2)(b), and therefore, it was error to grant the summary judgment. Basically, their argument is that they have suffered permanent injuries and that appellant, Jake Duncan, has sustained permanent disfigurement.

■ In his deposition, appellants' physician stated that he had no opinion as to the permanency of injury. This is the only

proof which appellants had offered concerning this issue. Nevertheless, appellants argue that they should have been allowed to go to trial to prove permanency. KRS 304.-39–060(2)(b) requires that the permanent injury be proven "within a reasonable medical probability". Since appellees had met their burden as movants under the motion for a summary judgment, it was incumbent upon appellants to present some evidence on this issue. *Tarter v. Arnold,* Ky., 343 S.W.2d 377 (1960) and *Neal v. Welker,* Ky., 426 S.W.2d 476 (1968). This they did not do. The mere hope that something would turn up within the last three days is not sufficient to prevent the granting of a summary judgment, *Neal v. Welker, Id.*

As the result of the abrasions received by appellant, Jake Duncan, he has some small scars upon his right knee. His physician testified that the scars can only be seen upon close examination of the knee. It is appellants' contention that these scars give rise to a permanent disfigurement under KRS 304.39–060(2)(b). To support their position, appellants cite several Kentucky cases that deal with the issue of permanency of scarring and also quote the definition of "disfigurement" which is contained in Black's Law Dictionary. That definition is as follows: "That which impairs or injures the beauty, symmetry or appearance of a person or thing, that which renders unsightly, misshapen or imperfect or deforms in some manner."

■ When the legislature enacted KRS 304.39–010 et seq., it was their intention to limit tort claims arising out of automobile accidents. This limitation only permits claims of those with serious injuries. Given the facts presented concerning the small scars on the knee of appellant, Jake Duncan, this court does not believe that such injuries constitute "disfigurement" under the statute.

■ KRS 304.39–010 et seq., however, does not cover claims for property damage, and, as all parties agree, it was error to grant a summary judgment on this issue. The judgment, therefore, is reversed and remanded for a trial on this issue only.

Appellants raise one final issue which requires discussion. Since appellee, Cooper Pallets, filed no answer, was it error to dismiss the action against them? During oral argument, counsel for Beck stated that Cooper Pallets is only a name under which Beck operates his business. With this in mind, upon remand the trial court should examine this issue and determine if there is a need for Cooper Pallets to file an answer.

All concur.