**Pamela Robinson HIGGINS, Appellant,**

v.

**Helen S. SEARCY, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1978.

Fred E. Fischer, Louisville, for appellant.

C. A. Dudley Shanks, Richard G. Segal, Louisville, for appellee.

Before HOWARD, HOWERTON and PARK, JJ.

HOWERTON, Judge.

Pamela Higgins appeals from a summary judgment dismissing her claim for

injuries sustained in an automobile accident with the appellee, Helen Searcy. The trial judge held that appellant had not met the threshold requirements of the no-fault insurance statute [KRS 304.39–060(2)(b)] in order to sue for injuries sustained in the accident. Appellant contends that her claim was not ripe for summary judgment, because genuine issues of material fact were unresolved.

The accident occurred on October 18, 1975. Appellant was treated by Dr. Roles during the period from October 29, 1975, through January 12, 1976. Suit was filed on October 14, 1976. On September 6, 1977, upon appellee's motion for summary judgment, the trial court found that appellant had incurred $766.60 worth of medical expenses, had not been treated by Dr. Roles since January 12, 1976, but she complained of continuing back pain. The court ordered that the deposition of Dr. Roles be taken in order to determine whether appellant had sustained a permanent injury. Dr. Roles' deposition was taken on November 19, 1977, and when asked whether appellant had sustained a permanent injury, he answered that he could not state with any reasonable certainty how long her pain would continue.

Any contention by appellant that an issue of fact existed as to the permanency of her injury is without merit. In *Duncan v. Beck,* Ky.App., 553 S.W.2d 476 (1977), this court held that in a summary judgment proceeding, plaintiff must be able to present some evidence of a permanent injury. KRS 304.39–060(2)(b) requires that permanent injury be proven within a "reasonable medical probability." The only medical testimony offered in the proceeding failed to provide any proof of a permanent injury.

On January 2, 1978, appellant filed an affidavit stating that she had been treated by Dr. L. L. Cull on December 17, 1977, for her continuing back pain, and her total medical expenses were presently $917.00. She also anticipated additional treatment.

On February 3, 1978, the trial court entered a final judgment granting appellee's summary judgment against appellant.

■ Appellant contends that the trial court improperly used the summary judgment to penalize her for the slow prosecution of her case, citing *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965). The court, in its opinion, reasoned that, "To permit the plaintiff, Pamela Robinson Higgins, to proceed further in an effort to incur more medical expenses in order to meet the $1,000.00 threshold, would violate the entire spirit of the No-Fault Statute." It should be noted that the statute provides that medical expenses are for reasonably needed products, services, and accommodations. KRS 304.39–020(5)(a). The appellant had gone to Dr. Roles for treatment from October 29, 1975, to January 12, 1976, and to Dr. Honaker until April 2, 1976. Appellant did not incur any additional medical expenses until December 17, 1977, twenty months later, and three months after appellee had moved for a summary judgment. Under these particular facts, we believe, the trial court was correct as a matter of law in finding that appellant had not met the $1,000.00 threshold. The facts make it clear that this case was not dismissed for any penalty.

We affirm the judgment of the trial court. CR 56.03.

All concur.