**Freeman DAVIS, Appellant,**

v.

**Nora E. DEVER, Appellee.**

Court of Appeals of Kentucky.

April 10, 1981.

Discretionary Review Denied
June 30, 1981.

Edward F. Rectenwald, Louisville, for appellant.

John G. Crutchfield, Louisville, for appellee.

Before COOPER, GUDGEL and VANCE, JJ.

VANCE, Judge.

This is an appeal from a summary judgment which dismissed appellant's claim for damages resulting from injuries received in an automobile accident. Summary judgment was granted upon the ground that the claim was barred by KRS 304.39–010, *et seq.* Appellant had not rejected tort limitations under that chapter.

Appellant contends he has sustained a permanent injury within reasonable medical probability [KRS 304.39–060(2)(b)], and thus is not precluded from maintaining a tort action by Chapter 304.

CR 56.03 provides that a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

█ The question here is whether there is a genuine issue as to the permanency of appellant's injury. To prevail upon a motion for summary judgment in this case, the appellee must make an initial showing to establish prima facie that the injury is not permanent. Appellee concedes that he offered no evidence tending to establish that fact. Instead he contends the burden was upon appellant to come forward with evidence that the injury was permanent.

█ We think it clear that appellant had no duty to make any showing whatever to defeat the motion for summary judgment because the movant failed entirely to establish a prima facie case. CR 56.03 provides that a party opposing a motion for summary judgment *may* file opposing affidavits, but does not require him to do so. In *Roberts v. Davis*, Ky., 422 S.W.2d 890 (1968), it was held:

A summary judgment is authorized only when there exists no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56.03. *The moving party has the initial burden of showing that no genuine issue of a material fact exists,* then the other party must refute the contentions of the moving party. *If the moving party does not sustain his burden,* or if the opposing party is successful in rebutting, then the summary judgment should not be granted.... (*Emphasis ours.*)

The same interpretation is given to the rule by federal authorities. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

Appellee relies upon *Higgins v. Searcy*, Ky.App., 572 S.W.2d 623 (1978). That opinion is not dispositive. Although it states, in

affirming a summary judgment, that the only medical proof failed to establish a permanent injury, it expressly relied for its holding upon *Duncan v. Beck*, Ky.App., 553 S.W.2d 476 (1977). *Duncan* makes it plain that summary was granted *only after the movant had met its burden.*

■ The movant here did nothing to establish the fact that no genuine issue existed as to the permanency of the injury. Hence, he was not entitled to summary judgment. In addition, the appellant filed the deposition of Dr. Robert Baker, who testified:

I think it would be a reasonable probability in saying that it has been going on now for at least two and a half years, that it's probably ___ if it hadn't gotten better by then, it's probably not going to get any better. That's the usual case.

The appellant had also served notice to take the deposition of Dr. Ralph Morris, a treating physician, to prove permanency. The notice had been served before the summary judgment was granted.

The judgment is reversed.

All concur.