William D. SMITH and Leila Smith, His Wife, Appellants,

v.

Thomas A. MEYER, and Crown Distributing Company, Appellees.

Court of Appeals of Kentucky.

July 15, 1983.

Discretionary Review Denied and Opinion Ordered Published Nov. 16, 1983.

David E. Davidson, Covington, for appellants.

J. Gregory Wehrman, Wehrman & Wehrman, Chartered, Covington, for appellees.

Before HOWERTON, MILLER and WILHOIT, JJ.

HOWERTON, Judge.

The Smiths appeal from a directed verdict in the Kenton Circuit Court which concluded that they had not met the $1,000.00 threshold of medical expense to allow a tort action against Meyer and Crown Distributing Company. A jury determined that William Smith had not suffered any permanent injury, and the trial court determined that the total medical expense was $922.38.

The medical expense was for services rendered by a Dr. Sheridan and a Dr. Duffy. Smith attempted to show that additional medical expenses of $225.00 were charged for evaluations by a Dr. Fox and a Dr. Elam. Smith also attempted to show that $2,207.66 had been paid for rehabilitation services, and $315.00 had been paid to a marriage counselor, allegedly as a result of the accident.

KRS 304.39–060(2)(a) abolishes tort liability for damages arising from the use of a motor vehicle. Subsection (b) establishes exceptions and allows a plaintiff to recover damages in tort "in the event that the benefits which are payable for such injury as 'medical expense' or which would be payable but for any exclusion or deductible authorized by this subtitle exceed one thousand dollars ($1,000.00) . . . ." KRS 304.39–020(5)(a) defines "medical expense" as "reasonable charges incurred for reasonably needed products, services, and accommoda-

tions, including those for medical care, physical rehabilitation, rehabilitative occupational training, and other remedial treatment and care." Free medical benefits are to be included in "medical expense" to the extent of their "equivalent value" in establishing the $1,000.00 threshold.

Meyer and Crown Distributing argue that the expenses incurred for the evaluations by Fox and Elam should be excluded since the insurance carrier paid the charges. They argue that *Bolin v. Grider,* Ky., 580 S.W.2d 490 (1979), indicates that the injured party must incur the obligations for medical expense. We disagree. *Bolin* concerned expenses that had not been incurred as a result of the accident, and it did not address or attempt to resolve the question of who must incur the indebtedness or pay the bill for it to be considered as a medical expense in reaching the threshold. The statute makes it clear that even free medical expense is to be considered on a basis of its value.

 We find no problem, however, with the exclusion of the $225.00 expense incurred for evaluations by Drs. Fox and Elam. The expense for the evaluations was incurred by the insurance carrier. The evaluations were for the carrier's understanding of the situation, and they provided no direct benefit or medical treatment for William Smith. Such expense may be included in meeting the threshold only if it can be shown that the evaluations were also needed by and provided a direct benefit for the injured party.

We determine that the trial court erred in directing that the total medical expense was $922.38 and in denying the Smiths' request for an instruction to the jury concerning the reasonableness of the rehabilitation expense. Physical rehabilitation, occupational training, and other remedial treatment and care are specifically included as "medical expenses" under KRS 304.39–020(5)(a). The question is whether such services were reasonably needed. This is an issue upon which reasonable minds could differ, and it was a proper question for the jury.

The rehabilitation expenses were also paid by the insurance carrier from a separate adjustment account without deduction from the Smiths' no-fault benefits. Again, the question is not who pays, but whether the service was reasonably needed and whether it was a legitimate medical expense. The amount for this service was definite, although there could be a question as to whether all of the service was reasonably necessary.

The Smiths had subpoenaed a witness to provide the necessary evidence concerning rehabilitation and occupational rehabilitation services, but that witness was prevented from testifying. It was error to prevent the jury from considering the evidence to help determine whether the charges for the services were "medical expenses" within the statutory definition.

The Smiths' testimony is uncontradicted and unchallenged that the expense of the psychologist, Dr. Daniels, was incurred because of marital problems relating to the injuries and the work disability. We make no decision regarding this claim and alleged error or whether marriage counseling might at some time be a reasonably needed "medical expense." The psychologist did not testify, nor was he revealed to be a witness during the pretrial discovery proceedings. The evidence in the record was presented by an avowal. We find no reversible error in the trial court's refusal to consider this expense or to instruct the jury to allow a consideration of its reasonableness.

The judgment of the Kenton Circuit Court is reversed, and this case is remanded for a new trial.

All concur.