Melissa SMITH, Appellant,

v.

Lily R. HIGGINS, Appellee.

No. 90–SC–870–DG.

Supreme Court of Kentucky.

Oct. 24, 1991.

Rehearing Denied Jan. 16, 1992.

Kenton R. Smith, Brandenburg, for appellant.

Robert G. Breetz, Brenda J. Runner, Stites & Harbison, Louisville, for appellee.

Larry F. Sword, Somerset, for amicus curiae, Kentucky Academy of Trial Attorneys.

LAMBERT, Justice.

The Motor Vehicle Reparations Act (MVRA) mandates a "threshold" of injury as a condition for recovery of damages in tort. KRS 304.39–060(2)(b). The General Assembly has determined that such a requirement is in the public interest and we found no constitutional violation. *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). The proper construction of the statutory phrase "permanent disfigurement" is presented here and we must decide whether five scars upon appellant's knees, the largest of which is approximately five inches long, meet the threshold.

On motion for summary judgment, the trial court determined that appellant's injuries did not "materially alter [her] appearance" and were insufficient to constitute permanent disfigurement. The Court of Appeals reached a similar result and found as "extremely persuasive" the analysis in *Duncan v. Beck*, Ky.App., 553 S.W.2d 476 (1977), which held that the intent of the Act was to limit litigation to injuries which were serious. Believing appellant's injuries did not qualify, the Court of Appeals affirmed the trial court.

The necessity of *serious* permanent disfigurement is a fundamental premise in the opinion of the Court of Appeals. Acknowledging that the statute contains no such express requirement, the Court nevertheless found it implied because of its view that a principal purpose of the MVRA was to foreclose litigation over minor injuries.

In view of the absence of textual support for such a position, if an element of "seriousness" exists, rules of construction and the purpose of the Act must supply it.

For guidance in statutory construction, we turn first to KRS 446.080(4) which is as follows:

"All words and phrases shall be construed according to the common and approved usage of language,...."

To determine the meaning to be ascribed to the language used in KRS 304.39–060(2)(b), the Court of Appeals and the parties relied in part on definitions in BLACK'S LAW DICTIONARY (5th ed. 1979), an appropriate source. "Permanent" is defined as follows:

"Continuing or enduring in the same state, status, place, or the like, without fundamental or marked change, not subject to fluctuation, or alteration, fixed or intended to be fixed; lasting; abiding; stable; not temporary or transient. Generally opposed in law to 'temporary,' but not always meaning 'perpetual.'" BLACK'S LAW DICTIONARY 1025 (5th ed. 1979).

And, the definition of "disfigurement" is:

"That which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner." BLACK'S LAW DICTIONARY 420 (5th ed. 1979).

The leading authority on construction of the MVRA is *Bailey v. Reeves*, Ky., 662 S.W.2d 832 (1984), a decision in which the Court declared its firm intention to give the words of the Act their literal meaning without limitation or amplification unless such would lead to an absurd or wholly unreasonable conclusion. The Court noted that the MVRA is a "patchwork" consisting of portions of the Uniform Motor Vehicle Accident Reparations Act and many modifications of the uniform act designed to conform to Kentucky constitutional law and accommodate other policy considerations identified by the General Assembly. As the Act was "tailor-made," the Court concluded that any use or omission of language was intentional and on matters which the Act addressed clearly, left little

room for judicial gloss. From the foregoing and in view of the direct applicability of the statute to the issue presented, we must apply the language literally unless such would lead to an absurd or wholly unreasonable conclusion. The Court of Appeals impermissibly construed the statute.

■ In its opinion upholding the constitutionality of the MVRA, the Court noted that KRS 304.39–060(2)(b) was "aimed at eliminating the main brunt of small personal injury claims...." *Fann v. McGuffey*, Ky., 534 S.W.2d at 773. This general statement, while undoubtedly correct, provides little guidance in a concrete factual setting. Courts are not at liberty to decide on an ad hoc basis whether a particular claim is of the type sought to be eliminated. Rather, each claim presented must be measured by the Act to determine whether one or more of the threshold requirements has been met. The threshold requirements must be applied uniformly and, to the greatest extent possible, objectively.

Appellee relies upon the decision of the Court of Appeals in *Duncan, supra*, a case in which the injury claimed to constitute permanent disfigurement was "some small scars" as the result of an abrasion. For its decision, the Court in *Duncan* expressed the view that only serious injuries met the requirements and held that the injuries complained of did not constitute disfigurement within the meaning of the statute. There are factual distinctions between this case and *Duncan*, but none are of such significance as to permit this Court to candidly distinguish between them. Accordingly, and to the extent it differs from the holding herein, *Duncan v. Beck* is overruled.

■ As this case was resolved by summary judgment in the trial court, it is appropriate to comment upon the standard to be applied and which party bears the burden of going forward. The party moving for summary judgment on grounds that the injury does not constitute permanent disfigurement will be the defendant. As with other motions for summary judgment, the moving party bears the burden of meeting the requirements of CR 56.03. Simply by moving for summary judgment, a defendant cannot force a plaintiff to come forward with evidence to defeat the motion. To prevail the defendant must produce evidence that the injury is not a permanent disfigurement, and only then must the plaintiff come forward with evidence to defeat the motion. *Davis v. Dever*, Ky. App., 617 S.W.2d 56 (1981) and *Duncan, supra*.

■ Returning to the case at bar, we necessarily begin with the presumption that the scars to appellant's knees are permanent. If appellee believes otherwise and wishes to contest the permanency of the scarring, evidence may be presented on remand as to whether the scars are temporary or transient and if the evidence reveals an issue of fact, permanency must be determined as such. As to the element of disfigurement, and upon reasonable application of the expansive definition quoted herein, we conclude that any scar capable of ordinary perception or which produces ongoing personal discomfort constitutes disfigurement. Such a limitation is consistent with the standard of interpretation found in *Bailey, supra*, a standard designed to prevent absurdity of result or a wholly unreasonable conclusion. Whether appellant's scars constitute disfigurement may be an issue of fact. If appellee produces evidence that there is no disfigurement, the issue may be submitted to the jury under an instruction which includes the definition stated herein plus the limitation we have imposed. *See Bolin v. Grider*, Ky., 580 S.W.2d 490 (1979), and *Smith v. Meyer*, Ky.App., 660 S.W.2d 9 (1983).

The decision of the Court of Appeals is reversed and this cause remanded to the trial court for further proceedings not inconsistent herewith.

COMBS, LEIBSON and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., concurs in result only.

SPAIN, J., dissents by separate opinion in which STEPHENS, C.J., joins.

SPAIN, Justice, dissenting.

Respectfully, I dissent. In deciding the motion for summary judgment, the trial judge, based upon examination of photographs, found that the scar on the knee of the plaintiff-appellant, Melissa Smith, was

only "small, minor, [and] nondisfiguring." Upon subsequently being requested to set aside such summary judgment, the trial judge made a personal examination of both of Ms. Smith's knees in open court and found that the scars were such that they were "not noticeable except upon close examination." The court furthermore found "that the scars do not draw attention to the plaintiff from a conversational distance of three to five feet" and did "not materially alter the plaintiff's appearance." Acting thereon, the court reaffirmed its prior conclusion that such scars did not amount to a permanent disfigurement, citing *Duncan v. Beck*, Ky.App., 553 S.W.2d 476 (1977).

In *Duncan*, which opinion is now some fourteen years old, the Court of Appeals found that the threshold requirement of "permanent disfigurement," along with the other threshold requirements of the MVRA, was to limit litigation of tort claims so as to permit only those involving serious injuries. There, as here, the plaintiff had only small scars upon the knee which could only be seen upon close examination of the knee. After considering such scars in light of the definition of "disfigurement" set out in BLACK'S LAW DICTIONARY, which is quoted in the Majority Opinion, the Court of Appeals found that the small scars did not constitute "disfigurement" under the statute. As a consequence of the above, it is apparent that the trial judge in the instant case followed *Duncan* to the letter.

On appeal of this case, the Court of Appeals agreed with the trial court and found *Duncan* to be controlling and again found that the knee scars did not constitute a "permanent disfigurement." I agree with this conclusion.

I am troubled that the majority has abandoned the *Duncan v. Beck* test of permanent disfigurement in favor of a brand new one which, to me, offers virtually no guidance for trial courts in determining whether or not the threshold is satisfied. The new test is whether the scar is "capable of ordinary perception" or is one "which produces ongoing personal discomfort." It seems to me that the test used in *Duncan v. Beck* and by the trial court in this case satisfied the first facet of the definition when it was stated that the scars were "not noticeable except upon close examination." Would not the further test of the trial judge that the scars did "not draw attention to the plaintiff from a conversational distance of three to five feet" be but another way of saying that they were incapable of "ordinary perception"? Would not a distance closer than a "conversational distance of three to five feet" really be an "extraordinary perception"? The second prong of the new test, I submit, is even more unsatisfactory. It only requires that the scar must produce "ongoing personal discomfort." What does this mean? Does it mean physical discomfort or does it mean a self-consciousness or other psychological awareness by the plaintiff that a scar exists?

I would have affirmed the trial court and the Court of Appeals and left *Duncan v. Beck* as the MVRA standard on the permanent disfigurement threshold.

STEPHENS, C.J., joins in this dissent.