MEADE COUNTY BANK, Appellant,

v.

Stephen G. WHEATLEY and Pearl & Gohman, P.S.C., Appellees.

. No. 95–SC–090–DG.

Supreme Court of Kentucky.

Nov. 22, 1995.

John E. Selent, Michael A. Valenti, Mary R. Harville, Hirn Doheny Reed & Harper, Louisville, for appellant.

Edward H. Stopher, Martin H. Kinney, Jr., Eric A. Paine, Boehl Stopher & Graves, Louisville, for appellees.

LAMBERT, Justice.

We must revisit our decision in *Alagia, Day, Trautwein & Smith v. Broadbent*, Ky., 882 S.W.2d 121 (1994), to attempt clarification of its central holding. The Court of Appeals appears to have misunderstood our conclusion with respect to certainty of damages and held that a real estate appraisal which revealed merely a probability of damages was sufficient to commence the statute of limitation with the result being that a legal negligence claim was held to be time-barred. Its conclusion was unmistakably contrary to our conclusion in *Broadbent* that "[u]ntil the legal harm became fixed and non-speculative, the statute did not begin to run." *Id.* at 125.

In April and again in October of 1990, appellee Wheatley conducted a title examination relating to certain real property upon which appellant proposed to make a first mortgage loan to its customers, the Pearmans. His opinion failed to disclose a recorded mortgage. Within a few months after the loan was made, the Pearmans defaulted and appellant commenced preparations to bring an action to enforce its mortgage lien. The prior mortgage lien was then discovered and appellant realized that its loan might be in jeopardy.

In May, 1991, appellant obtained an appraisal of the property and learned that its appraised value was substantially less than the claims secured thereby. Meanwhile, the Pearmans had filed a plan of re-organization in bankruptcy court which, if it had been successful, would have resulted in no loss to appellant. It became evident, however, that the bankruptcy reorganization plan had failed and in June of 1992, the property was sold with appellant being the purchaser and being required to satisfy the prior mortgage which, by then, had a balance due of about $80,000. Appellant commenced its legal negligence claim on October 6, 1992.

The issue is whether the appraisal which occurred in May of 1991 and revealed a probability of insufficient equity to satisfy the claims of the lienholders commenced the running of the one year period of limitations, or whether the sale of the property in June of 1992, at which time damages occasioned by the legal negligence became fixed and non-speculative, commenced running of the time allowed.

Less than two years ago this Court rendered an opinion in *Alagia, Day, Trautwein & Smith v. Broadbent*, Ky., 882 S.W.2d 121 (1994), a case which is legally indistinguishable from this one. As in this case, it was contended in *Broadbent* that receipt of information that a substantial sum would be due the Internal Revenue Service, commenced the running of time for bringing suit. We rejected this contention because there had been no occurrence due to the uncertain amount of damages. As in this case, it was contended that there could be no occurrence until damages arising out of the negligent act became fixed and non-speculative. We agreed. "Not until damages were fixed by the final compromise with the IRS was there an occurrence of the type required to commence the running of the statute." *Id.* at 126. We concluded in *Broadbent* with the reminder that in legal negligence, as in any negligence case, there must have been a

"negligent act or omission and legally cognizable damages." *Id.* Without damages, there is no ripened claim.

■ In the present case, the time allowed began to run as of the date of the foreclosure sale. Prior to that date, Appellants had only a fear that they would suffer a loss on the property. Their fear was not realized as damages until the sale of the property in June of 1992. At that time, what was merely probable became fact, and thus commenced the running of the statute. The May, 1991, appraisal which showed the property's value as being substantially less than the debts against it, was irrelevant as to certainty of damages. At that point, appellant was merely made aware that it might have insufficient collateral on its loan. There was no certainty of damages, as is required by *Broadbent.*

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and this cause is remanded to the Hardin Circuit Court for further proceedings consistent herewith.

STEPHENS, C.J., and FUQUA, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

REYNOLDS, J., concurs in result only.

Special Justice JAMES LEVIN files a separate dissenting opinion.

JAMES LEVIN, Special Justice, dissenting.

Respectfully, I dissent. I would affirm the decision of the Court of Appeals.

In May, 1991, the appraisal secured by Meade County Bank indicated that the value of the property was substantially less than its outstanding debt. That, plus the fact that the bank had knowledge of the fact that its debt was secondary to a prior debt, certainly gave the bank sufficient knowledge of its non-speculative damage and revealed more than the "mere probability of damages." At that point the bank reasonably discovered it had been injured by professional malpractice and the statute of limitations began to run from that time. Although it may not have known the exact amount of its loss, the bank had knowledge of the fact that it was injured and was going to suffer a substantial loss.

KRS 413.245 states that an action for legal malpractice shall be brought within one year from "the date of occurrence or from the date when the cause of action was, or reasonably should have been, discovered." I concur with the opinion of the trial judge that "it is knowledge of a viable cause of action which commences the statute." The bank knew of the malpractice and knew the bank was damaged more than one year before the action was filed.

The case of *Alagia, Day, Trautwein & Smith v. Broadbent,* Ky., 882 S.W.2d 121 (1994) is not dispositive. There, the attorney's continued representation and assurances delayed the discovery of the malpractice, and the statute was determined to commence from the date of the discovery. In this case, the bank discovered its loss could not be recovered at the time it received the appraisal.