BOARD OF EDUCATION OF ESTILL
COUNTY, KENTUCKY, et al.,
Plaintiffs,

v.

ZURICH INSURANCE COMPANY,
et al., Defendants.

Nos. Civ.A. 00–452–JMH, 01–213–JMH.

United States District Court,
E.D. Kentucky,
Lexington.

Jan. 11, 2002.

Michael A. Owsley, Regina A. Jackson, English, Lucas, Priest & Owsley, Bowling Green, KY, for plaintiffs.

Matthew J. Baker, Cole Moore & Baker, Bowling Green, KY, for Zurich Insurance Co.

J. Warren Keller, Taylor, Keller & Dunaway, London, KY, for Hartford Fire Insurance Co.

David R. Monohan, Woodward, Hobson & Fulton, Matthew W. Forsythe, Sheffer & Sheffer, Louisville, KY, for J.E. Black, P.L.L.C. and James E. Black.

### ORDER

HOOD, District Judge.

This matter is before the Court on motion by defendant J.E. Black, P.L.L.C., and James E. Black (together "Black"), defendants in civil action 01–213, which has been consolidated with lead case 00–452. Defendant Black has moved the Court for

judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c) [Record No. 7]. Plaintiff Zurich Insurance has responded [Record No. 11], to which Black has replied [Record No. 17]. For the reasons set forth herein, defendants' motion is granted.

## FACTUAL BACKGROUND

This case is the product of a dispute involving structural damage to a middle school built by Estill County. The Board of Education of Estill County (the "Board") and the Kentucky School Board Insurance Trust (KSBIT) hired Black to provide geo-technical engineering services for the construction of an Estill County middle school. Black provided professional services to approve the site for construction and after inspection gave such approval. The middle school was completed in August 1998.

On or before April 5, 1999, representatives of the School Board discovered "physical damage to the school due to the rising of earth beneath the building" [Record No. 1, ¶ 9]. The Board subsequently filed a claim with its insurer, Zurich Insurance, who, in turn, as subrogee of the Board, on May 21, 2001 brought this professional malpractice action against Black.

The instant motion does not go to the merits of the underlying dispute, but rather asserts that Zurich Insurance's action against Black is barred by the applicable statute of limitations.

## LEGAL STANDARD

■ The standard of review applicable to a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is identical to that applicable to a motion to dismiss made pursuant to Fed.R.Civ.P. 12(b)(6).[1] "In reviewing the motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief." *Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 511–12 (6th Cir.2001). Although a plaintiff's complaint must be construed liberally and his facts accepted as true, judgment on the pleadings is appropriate where the action is barred by the applicable statute of limitations. *James ex rel. James v. Upper Arlington City Sch. Dist.,* 228 F.3d 764 (6th Cir.2000).

## ANALYSIS

■ This case presents several layers of issues that must be dealt with one by one. That governing Kentucky case law is extant, yet murky, renders analysis of this matter rather complex.[2]

---

1. Arguing in the alternative, plaintiff asks the Court to convert defendants' motion for judgment on the pleadings to a motion for summary judgment. In support, plaintiff asserts that—as a summary judgment motion—genuine issues of material fact remain such that dismissal before further discovery is inappropriate.

This argument reflects a serious misunderstanding of the difference between a Rule 12(c) motion for judgment on the pleadings and a Rule 56 motion for summary judgment. The fundamental difference between the two is that, for purposes of the former, plaintiff's allegations are accepted as true, whereas for purposes of the latter at least some proof (more than a "scintila") is required. For this reason, the court does not understand why plaintiff would ask the court to convert a motion for judgment on the pleadings (which would require plaintiff to show, strictly as a matter of law, that their claim is valid) to a motion for summary judgment (which would require plaintiff to show not only that it has stated a valid legal claim, but also that it has proof to support it). In other words, the court wonders why plaintiff propounds a request that makes it more difficult for plaintiff to prevail.

2. As a diversity action, Kentucky law governs. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The first issue to be decided is whether plaintiff's claim is based on principles of subrogation or indemnity. Because the applicable statute of limitations for indemnity claims is much longer, plaintiff has made something of a post hoc attempt to characterize its claim as one for indemnity—this despite the fact that plaintiff's complaint identifies plaintiff as "Subrogee of the Board of Education of Estill County, Kentucky and Kentucky School Boards Insurance Trust."

Plaintiff's claim is classically one of subrogation. The question is not a close one and thus the Court will not belabor the point, but suffice it to say that indemnity and subrogation claims differ in the fundamental respect that indemnity actions require some form of shared liability (as in the context, for example, of joint tortfeasors). Kentucky courts have identified as "true subrogation situation[s]" those scenarios where, as here, "an insurance carrier is required to make payment to its insured for a loss caused by a third party." *Comm. Depart. of Trasp., Bureau of Highways v. All Points Const. Co.*, 566 S.W.2d 171, 173 (Ky.App.1977).

■■■ Having determined that Zurich Insurance's claim is a subrogation claim, the question becomes: For subrogation claims under Kentucky law, when does the statute of limitations begin to run? Zurich Insurance argues that, in situations like the present, the limitations period does not begin to run until the subrogee/insurer makes payment to the subrogor/insured. By predictable contrast, defendant Black argues that Zurich Insurance's claim (the subrogee's claim) is "derivative" of the Board's claim (the subrogor's claim), and that therefore the limitations period for claims brought by the subrogee begins to run at the same time it would run were it the subrogor (the Board) bringing the claim.

Although there appears to be no Kentucky case directly on point, at least one Kentucky decision has expressed a view on this issue—albeit in dicta. This case is *Comm. Depart. of Transp., Bureau of Highways v. All Points Const. Co.*, 566 S.W.2d 171 (Ky.App.1977). There, the Kentucky Court of Appeals distinguished between indemnity and subrogation and discussed the relevant limitations periods applicable to both. All Points's insurer, Home Insurance Company ("HIC"), sought indemnity/contribution from the Commonwealth for payments made *on behalf of* its insured arising from a car accident. HIC asserted that the decedent's death was the result of the primary or concurrent negligence of the Commonwealth. In response, the Commonwealth argued that HIC's claim was barred by the applicable one-year statute of limitations. In resolving the issue, the court of appeals held that, because the HIC's claim was properly one for indemnity, the applicable limitations period began to run not from the time of the car accident, but rather from the time of HIC's payment to its insured.

Although an indemnity case (to be distinguished from the instant subrogation situation), the court explained its holding on the indemnity limitations period by contrasting the indemnity situation with the subrogation context. The court plainly stated that, in a "true subrogation" situation, "the insurance carrier is bound by the limitations applicable to the claim of the injured against the third party." *Id.* at 173. Applying the rule to the facts of the instant case, then, Zurich Insurance (as subrogee) is bound by the same limitations period that would apply were it the Board (as subrogor) bringing the claim.

Having determined that (1) plaintiff's claim is a subrogation claim, and (2) plaintiff, as the subrogee/insurer, "is bound by the limitations applicable to the claim of

the injured [the Board] against the third party [Black]," the next question, of course, is: What is the statute of limitations that would we applicable had the instant action be brought by the injured/subrogor (the Board)?

The instant action is, undisputably, one for professional malpractice. As such, the applicable limitations period is set out in KRS § 413.245. Under this statute, "a civil action ... arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered." *Id.*

In the instant case, however, application of the rule is seemingly complex. In support of its motion for judgment on the pleadings, defendant Black notes the uncontroverted fact that the subrogor/insured (the Board) discovered damage, in the form of a heaving floor, on or before April 5, 1999. Black thus argues that, because this instant action was not brought until May 21, 2001, the limitations period has run. In response, plaintiff cites *In re Ky. Cent. Life Insur. Co.*, 2001 WL 726781 (Ky.Ct.App., June 29, 2001), an unpublished Kentucky Court of Appeals case holding that the one-year limitations period specified in KRS § 413.245 does not begin to run until plaintiff's damages are "fixed and non-speculative." *Id.* at *1.

The issue, then, is whether the damage to the middle school noticed by plaintiff on or about April 5, 1999 may be said to be "fixed and non-speculative."[3] Though the meaning of this language is anything but clear, this much is certain: the court of appeals could not have intended these words to be interpreted as plaintiff has suggested. This is so because, if plaintiff's interpretation is accepted, the limitations period for professional negligence actions would be effectively tolled until damages could be specified as an ascertainable sum certain. This, of course, is not the law.

With respect, plaintiff overstates the degree to which—under Kentucky law—damages must be defined in professional negligence claims. Whatever it means, "fixed and non-speculative" does not mean that damages, to trigger the initiation of the limitations period, must be translatable into a specified dollar amount. Kentucky law has never required as much and plaintiff points to no authority but the unpublished case of *Deloitte & Touche* for anything approximating this proposition. But even in *Deloitte & Touche*, the court of appeal's comparison of the time at which personal injury or contract claims accrue with the time at which professional negligence claims accrue gives the strong impression that the real aim of the law is to insure that a professional negligence cause of action does not become time-barred simply because a putative plaintiff has no knowledge of the damage caused, or is uncertain as to whether a professional's negligence conduct will in fact lead to damage in the future. Noted the court of appeals:

> In personal injury cases, the date of occurrence and the date when damages become fixed and non-speculative are the same. The act itself is regarded as

---

**3.** As an unpublished decision rendered by a court that is not the Commonwealth's highest judicial authority, this Court would not typically give great deference to the *Deloitte & Touche* opinion. For purposes of the instant action, however, the opinion is of assistance in that it provides a succinct summary and synthesis of Kentucky's professional negligence case law. The opinion references three main Kentucky Supreme Court cases. *See Meade County Bank v. Wheatley*, 910 S.W.2d 233 (Ky.1995); *Michels v. Sklavos*, 869 S.W.2d 728 (Ky.1994); *Alagia, Day, Trautwein & Smith v. Broadbent*, 882 S.W.2d 121 (Ky.1994).

the ground of the action, and is not legally severable from its consequences. Thus, the cause of action accrues at that point *even though a claimant may not know the full extent of his or her injuries.* Similarly, a cause of action from breach of contract accrues upon the wrongful act and may proceed to trial *even though the extent of the damages is uncertain.* By contrast, *professional negligence may or may not cause actual injury.* Until the final adverse outcome actually happens, a plaintiff has no right to bring an action because there are no certain damages.

*Id.* at *4 (emphasis added).

Judging from its brief, plaintiff has interpreted "fixed and non-speculative" to be a quantitative requirement—in other words, plaintiff cites this language in support of the proposition that a professional negligence cause of action does not accrue until a would-be plaintiff understands or should reasonably understand the full extent of his damages. Read in context, however, the phrase is more properly interpreted as tolling the limitations period for professional negligence claims until plaintiff is certain that damages will indeed flow from defendant's negligent act.

Read this way, it is quite clear that the Board's injuries were "fixed and non-speculative" on April 5, 1999—the date when the Board first learned that the middle school was damaged. The Board may not have known the full extent of the damage or even who was responsible, but—as outlined above—these facts are of no consequence. The important and ultimately dispositive point is that the Board did know of damage on April 5, 1999. It was not a "mere probability" that the Board would suffer damage; rather, the damage had already been done.[4]

## CONCLUSION

Plaintiff's claim is a subrogation claim. In Kentucky, the limitations period for a subrogation claim is the same as it would be were the subrogor bringing the claim. In the instant case, the subrogor's (the Board's) cause of action accrued on April 5, 1999, when the Board first learned of the damage to the middle school. The limitations period for professional negligence actions is one (1) year. Because suit was not filed until May 21, 2001, plaintiff's claim is time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that

(1) plaintiff's motion to substitute the original affidavit of Paul Dennis [Record No. 12] be, and the same hereby is, **GRANTED;** and

(2) the motion made by defendants J.E. Black, P.L.L.C. and James E. Black for judgment on the pleadings [Record No. 7] be, and the same hereby is, **GRANTED.**

---

4. The quoted phrase is taken from *Meade County Bank v. Wheatley,* 910 S.W.2d 233, 235 (Ky.1995).