RENDERED: DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1480-MR

SHAN WOLFE                                           APPELLANT


           APPEAL FROM MCCRACKEN CIRCUIT COURT
v.            HONORABLE JOHN ATKINS, SPECIAL JUDGE
                  ACTION NO. 18-CI-00106


JOE KIMMEL AND THE KIMMEL
LAW FIRM                                            APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: This is an appeal from a McCracken Circuit Court order granting summary judgment. The circuit court found the plaintiff failed to file her complaint in a timely manner, and the case was therefore barred as a matter of law. We agree and therefore AFFIRM.

# I. FACTS AND BACKGROUND

This case arises from allegedly poor legal advice that led to a lawsuit against the appellant, Shan Wolfe ("Wolfe"). Wolfe was a former co-owner of GenCare, Inc. with Robin Lampley ("Lampley"). Wolfe and Lampley formed GenCare, Inc. to provide in-home care for elderly and disabled people in Western Kentucky, but disputes between the co-owners ultimately led to a dissolution of the business.

In 2016, Wolfe received advice from attorney Joe Kimmel ("Attorney Kimmel") as to how she could leave the business and begin her own similar business. Kimmel allegedly told Wolfe that she could exit the company, set up a competing entity, take in GenCare clients, and even hire GenCare employees, even though she was still with GenCare. Based on this advice, Wolfe began organizing her own company, Legacy In Home Care, Inc. ("Legacy").

Wolfe began telling clients and employees about her plans. Several employees indicated their intent to join her at Legacy even though they had signed non-competition agreements with GenCare. Attorney Kimmel drafted letters to two GenCare clients letting them know Wolfe was forming Legacy, and they could follow her there. In late July, Legacy began doing business, and only then did Wolfe resign as an officer of GenCare. The former co-owner, Lampley, notified Wolfe, through Attorney Kimmel, that Wolfe had violated her common law and

statutory duties as an officer and fiduciary. On August 19, 2016, Lampley and GenCare sued Wolfe, Legacy, and several GenCare employees. Attorney Kimmel referred Wolfe to Attorney Todd Farmer ("Attorney Farmer") for representation related to the GenCare litigation. Ultimately, Wolfe settled with Lampley on July 17, 2017.

In the record before this Court, we have a great deal of testimony from Wolfe as to what Attorney Farmer allegedly told her when he began representing her in August 2016. There is no record of testimony from Attorney Farmer contradicting the testimony of Wolfe. However, Attorney Farmer filed a timely answer and asserted defenses; Attorney Farmer also filed a cross-claim against Lampley.

On February 14, 2018, Wolfe filed a complaint against Attorney Kimmel for legal malpractice. The complaint alleges that Attorney Farmer (attorney two) told Wolfe that Attorney Kimmel (attorney one) gave her poor legal advice and that she had been damaged as a result of that advice. Attorney Kimmel filed a motion for summary judgment on the single ground that the statute of limitations had expired. The trial court granted the summary judgment but issued no written opinion.

## II.    ANALYSIS

Our standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Scifres v. Kraft*, 916 S.W.2d 779, 781(Ky. App. 1996)). Summary judgment shall be granted if the pleadings, depositions, and record before the court do not create any issues as to any material fact. Kentucky Rule of Civil Procedure ("CR") 56.03. In this appeal, there is no significant dispute as to the material facts. Indeed, the complaint itself sets out the foregoing dates and facts.

Wolfe asserts that the statute of limitations for a malpractice suit does not being to run "until the legal harm [becomes] fixed and non-speculative." Brief for Appellant at *3 (quoting *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 271 (Ky. 2005)). As stated by Wolfe, when an attorney gives legal advice that leads to a lawsuit, the malpractice claim does not accrue until that lawsuit is resolved. Brief for Appellant at *3 (citing *Alagia Day, Trautwein, and Smith v. Broadbent*, 882 S.W.2d 121 (Ky. 1994)). We do not believe that is the law of the Commonwealth.

All agree that the applicable statute is Kentucky Revised Statute ("KRS") 413.245, which requires an action for professional negligence "be

brought within one year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured."

The Kentucky Supreme Court explained that KRS 413.245 contains two distinct statutes of limitation, the "occurrence limitation" period and the "discovery limitation" period. *Michels v. Sklavos*, 869 S.W.2d 728 (Ky. 1994). The occurrence limitation period begins to accrue one year from the date of occurrence; the discovery period begins one year from the date when the cause of action was, or reasonably should have been, discovered by the party injured. *Id*. at 730.

Based solely on Wolfe's complaint filed February 14, 2018, we can establish when both limitations began to commence. Herein, the occurrence limitation period began when the poor legal advice was given, on or around April 2016. The discovery limitation period began when Wolfe was first informed by Attorney Farmer that Attorney Kimmel had given poor advice. The complaint states that in August 2016 Attorney Kimmel referred Wolfe to Attorney Farmer; when Wolfe met with Attorney Farmer, he "almost immediately and repeatedly reprimanded Ms. Wolfe, stating that she could not just go and start another company" and "she had no right to take clients, employees, or client files from GenCare, Inc." (Complaint at *3-4.) As a result, the discovery limitation period

began on or around August 2016. Using either statutory limitation, the complaint is not timely. This is reiterated by well-established case law.

Wolfe primarily relies upon *Broadbent*, 882 S.W.2d 121. In that case, the attorney gave advice to his clients as to how to structure a land conveyance to their children. Several years later, the Internal Revenue Service ("IRS") informed the clients that their attorney's advice was incorrect and that they would owe significant damages. The Kentucky Supreme Court held that the statute did not begin to run in that case until the IRS claim was settled. The damages in that instance were not "fixed and non-speculative" because it could not be determined that there was in fact an injury as a result of the claimed negligence. *Id*. at 125-26. However, the suit in that case was filed within one year of the attorney's firm being discharged and within one year of the IRS claim being settled.

More recent cases have explained that the *Broadbent* case is quite distinguishable from the current matter. In *Pedigo v. Breen*, 169 S.W.3d 831, 833 (Ky. 2004), the Kentucky Supreme Court confirmed that the occurrence limitation period begins to run when the negligence and damage have both occurred. However, the Court further explained that damage has occurred once it is certain that damages will indeed flow as a result of the negligence. *Id*.; *see also Board of Education of Estill County, Kentucky v. Zurich Insurance Co*., 180 F. Supp. 2d 890, 893 (E.D. Ky. 2002). The plaintiff's own complaint in this malpractice action

alleges that she knew by August 2016 that damages would follow as a result of the negligence.

Other cases have also held that the statute begins running once potential damages are apparent. *Matherly Land Surveying, Inc. v. Gardiner Park Development, LLC*, 230 S.W.3d 586, 591 (Ky. 2007). Most recently, this Court held that the statute commences when it is reasonably ascertainable that damages have occurred.

In *Saalwaechter v. Carroll*, 525 S.W.3d 100, 106-07 (Ky. App. 2017), this Court specifically held that the triggering of the statute of limitations did not have to wait for the conclusion of subsequent litigation, holding, "even if [the plaintiff] may not have known of the full extent of his damages in terms of the precise dollar amount, the fact of his injury was certainly 'irrevocable' and 'non-speculative.'" It is not required that the specific dollar amount be known to trigger the limitation, only that the potential damages are apparent or that it is reasonably ascertainable that damages have occurred.

Wolfe argues that this Court's prior decision in *Doe v. Golden & Walters, PLLC*, 173 S.W.3d 260, 272 (Ky. App. 2005), holds that without legally cognizable damages, there is no ripe claim for legal malpractice. However, this Court addressed that argument in *Saalwaechter*, and distinguished the holding in *Doe*. The federal district court in *Board of Education of Estill County, Kentucky v.*

*Zurich Insurance Company*, interpreting Kentucky state law, found the "plaintiff overstates the degree to which – under Kentucky law – damages must be defined in professional negligence claims. Whatever it means, 'fixed and non-speculative' does not mean that damages, to trigger the initiation of the limitations period, must be translatable into a specified dollar amount. Kentucky law has never required as much and plaintiff points to no authority . . . for anything approximating this proposition." 180 F. Supp. 2d at 893.

In discussing the term "reasonably ascertainable," the court further noted that the phrase is more properly interpreted as tolling the limitations period for professional negligence claims until plaintiff is certain that damages will indeed flow from defendant's negligent act. *Id.* at 894. Applying that to the facts herein, Appellant was reasonably certain that damages would flow from the advice she had received at least by the time the suit had been filed against her in August 2016. She had been referred to another attorney who informed her of the likely damages. To accept Wolfe's contention that the suit could not be filed until the settlement was completed would extend "the limitations period for professional negligence actions . . . until damages could be specified as an ascertainable sum certain. This, of course, is not the law." *Saalwaechter*, 525 S.W.3d at 106 (citing *Board of Education of Estill County*, 180 F. Supp. 2d at 893).

Herein, the record before the Court and the record presented by both parties consists of only evidence from the former client, Wolfe. There was no contrary evidence in the record to dispute what she was told by Attorney Farmer regarding the representation of Attorney Kimmel. Indeed, the lawsuit against her was filed in August 2016; Wolfe's own verified complaint in this suit alleges that it was clear by August 2016 that damages would follow. Thus, the malpractice claim should have been filed no later than August 2017. As *Saalwaechter* makes clear, the law does not require the degree of certainty to file a claim for professional malpractice, under KRS 413.245, that Wolfe now asserts.

## III. CONCLUSION

Based upon the clear authorities outlined above, this Court concludes that the trial court was correct in finding the claim was barred by the one-year statute of limitations set forth in KRS 413.245, and the judgment is therefore AFFIRMED.

LAMBERT, JUDGE, CONCURS.

TAYLOR, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

BRIEFS FOR APPELLANT:

John S. Friend
Louisville, Kentucky

BRIEF FOR APPELLEE:

William A. Hoback
Mark S. Fenzel
Louisville, Kentucky