COMMONWEALTH of Kentucky, DEPARTMENT OF TRANSPORTATION, BUREAU OF HIGHWAYS, Appellant,

v.

ALL POINTS CONSTRUCTION COMPANY and the Home Insurance Company, Appellee.

Court of Appeals of Kentucky.

Dec. 23, 1977.

Rehearing Denied Feb. 10, 1978.

Discretionary Review Denied June 6, 1978.

Louis Kawaja and C. E. Skidmore, Lexington, for appellant.

D. G. Lynn, Kincaid, Wilson, Schaeffer & Hembree, Lexington, for appellee.

Before PARK, LESTER, and WHITE, JJ.

PARK, Judge.

The appellees, All Points Construction Company and its insurer, the Home Insurance Company, seek indemnity or contribution from the Commonwealth for sums paid in settlement of personal injury and wrongful death claims arising out of an automobile accident. In the proceeding before the Board of Claims, the appellees asserted that the accident was caused by the primary or concurrent negligence of the Commonwealth. The only question on this appeal is whether the claim is barred by the one year statute of limitations applicable to claims against the Commonwealth. KRS 44.110.[1] The circuit court held that the claim was not barred, and the Commonwealth, Department of Transportation, Bureau of Highways (DOT) appeals.

DOT's sole contention is that the claim for indemnity or contribution accrued on September 14, 1974, the date on which the accident occurred. Since the action before the Board of Claims was filed on August 16, 1976, DOT argues that the claim was barred by the one year statute of limitations. We disagree. DOT's confusion apparently rests upon a misreading of *Automobile Insurance Co. v. Commonwealth*, Ky., 414 S.W.2d 578 (1967), in which the court first recognized the right to maintain an action for contribution or indemnity against the Commonwealth before the Board of Claims. In holding that a subrogor stands in the same position as its subrogee, the court was concerned with the status of the plaintiff insurance company as

---

1. KRS 44.110 provides:

A claim must be presented to the board within one (1) year from the time it has accrued.

subrogor to the rights of its tortfeasor-insured on whose behalf the company had settled a claim, not as subrogor to the rights of the injured party. That case cannot be interpreted as holding that an injured party's claim for damages and a tortfeasor's claim for contribution or indemnity are one and the same. DOT's argument would have merit only in a true subrogation situation in which an insurance carrier is required to make payment to its insured for a loss caused by a third party. E. g. *Employers Mutual Liability Ins. Co. v. Griffin Const. Co.*, Ky., 280 S.W.2d 179, 53 A.L.R.2d 967 (1955). In such case, the insurance carrier is bound by the limitations period applicable to the claim of the injured insured against the third party. See *Employers Mut. Liability Ins. Co. v. Brown Wood Preserving Co.*, 298 Ky. 194, 182 S.W.2d 30 (1944), and the cases in the annotation, 41 A.L.R.2d 1044.

 A tortfeasor settling with an injured party is "subrogated" to the rights of the injured party only in the sense that a claim for contribution or indemnity depends upon and is measured by the underlying claim of the injured party. However, a tortfeasor's claim for contribution remains inchoate until payment is made to the injured party. *Consolidated Coach Corp. v. Burge*, 245 Ky. 631, 54 S.W.2d 16, 85 A.L.R. 1086 (1932). The claim for contribution accrues only upon payment. See *City of Louisville v. O'Donaghue*, 157 Ky. 243, 162 S.W. 1110 (1914). Statutes of limitation run against a claim for contribution or indemnity based on tort not from the time of the commission of the tort, but from the time of payment. See the cases collected in the annotation, 57 A.L.R.3d 867. As the court stated in *Roehrig v. City of Louisville*, Ky., 454 S.W.2d 703 (1970), the purpose of this rule is to prevent an injured party from foreclosing a tortfeasor's right of contribution by waiting to bring his action until just before the statute of limitations ran on his claim, leaving the tortfeasor helpless to save his right of contribution. In an action for contribution or indemnity filed before the Board of Claims, the "claim" accrues on the date of payment for purposes of KRS 44.110. Far from doing violence to legislative design, this approach avoids imputing to the legislature the illogical intent to cut off a right of action before it accrues. See *Keleket X-ray Corp. v. United States*, 107 U.S.App.D.C. 138, 275 F.2d 167 (1960); *The Chicago, Rock Island & Pacific Railway Co. v. United States*, 220 F.2d 939 (7th Cir. 1955).

The appellees' claim in this case accrued on March 1, 1976, the date on which the settlement payments were made. The claim for contribution was timely filed before the Board of Claims on August 16, 1976. The judgment of the Jessamine Circuit Court is affirmed.

All concur.