Walter **REISINGER**, Appellant,

v.

**GRAYHAWK CORPORATION**, Atlantic Mutual Insurance Company, Special Fund, Hon. Dwight T. Lovan, Administrative Law Judge, and Commonwealth of Kentucky Workers' Compensation Board, Appellees.

No. 92–CA–1750–WC.

Court of Appeals of Kentucky.

July 9, 1993.

Case Ordered Published by
Court of Appeals Aug. 27, 1993.

Morris Butler, Butler, Butler & Hudson, Greensburg, William A. Miller, Jr., Heidi Schissler, Louisville, for appellant.

Wesley G. Gatlin, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for Grayhawk Corp. & Atlantic Mut. Ins. Co.

Mark C. Webster, Labor Cabinet, Louisville, for Special Fund.

Before HOWERTON, HUDDLESTON and WILHOIT, JJ.

HOWERTON, Judge.

Walter Reisinger appeals from an order of the Workers' Compensation Board dismissing his appeal from an interlocutory order of the Administrative Law Judge (ALJ) and denying his petition for a writ of prohibition. The order of the ALJ required Reisinger to provide his employer with a copy of a vocational expert's report and evaluation of Reisinger's employability. We affirm.

On January 16, 1992, Reisinger filed an application for adjustment of claim in which he sought benefits from his employer, Grayhawk Corporation, for disability allegedly arising out of a work-related injury sustained on October 26, 1990. As part of his preparation for the case, Reisinger's counsel arranged for him to be evaluated by William Summitt, Ph.D., a vocational expert, and scheduled Dr. Summitt's deposition for April 1992. When counsel later decided not to use this evaluation as evidence in the case, the deposition was cancelled.

On April 24, 1992, Grayhawk filed a notice to take the deposition of Summitt. Reisinger objected and made a motion for protective order, seeking to quash the notice and to prohibit Grayhawk from deposing Summitt. The ALJ denied this motion and directed Reisinger to provide Grayhawk with a copy of Dr. Summitt's report. After Reisinger's petition for reconsideration was denied, he filed a notice of appeal to the Workers' Compensation Board and a "petition for writ of prohibition or mandamus." The Board denied the petition for prohibition and dismissed the appeal. This appeal followed.

Reisinger argues that the ALJ erroneously ordered him to divulge information to Grayhawk that it was not properly entitled to obtain under CR 26.02(4)(b). This rule specifically addresses the discovery of information known by an expert witness who has been retained by another party in anticipation of litigation and who will not be called as a witness at trial. The rule provides that a party may obtain facts known or opinions held by such a witness if (1) he is a medical doctor hired by the defendant for an independent medical examination, or (2) "upon showing of exceptional circumstances upon which it is impracticable for the parties seeking discovery to obtain facts or opinions on the same subject matter by other means."

CR 26.02(4)(b) is made applicable to workers' compensation cases by 803 KAR 25:011 § 17 of the Regulations of the Workers' Compensation Board. According to that section, "[p]arties may obtain discovery and take depositions in accordance with the provisions of Rules 26 to 37, inclusive, of the Kentucky Rules of Civil Procedure...."

Grayhawk counters Reisinger's argument by asserting that (1) interlocutory appeals to the Workers' Compensation Board are impermissible, and (2) even if the Board had jurisdiction to hear the appeal, it correctly dismissed the interlocutory appeal and denied the petition for prohibition. We find Grayhawk's position on both arguments to be sound.

KRS 342.285(1) provides:

An award or order of the administrative law judge as provided in KRS 342.275, if petition for reconsideration is not filed as provided for in KRS 342.281, shall be conclusive and binding as to all questions of fact, but either party may *in accordance with administrative regulations promulgated by the board* appeal to the Workers' Compensation Board for the review of such order or award. (Emphasis added.)

Section 12(1) of the Regulations of the Workers' Compensation Board is entitled "Appeals to the Workers' Compensation Board" and it provides:

Within thirty (30) days after the date of filing of a written opinion, order or decision *finally adjudicating* a case, a party aggrieved by the opinion, order, or decision may appeal ... to the Workers' Compensation Board.... A final adjudication as used in this section shall be determined

according to the provisions of Civil Rule 54.02(1) and (2). (Emphasis added.)

CR 54.02 has been held to require dismissal of an appeal where the record showed that the order did not adjudicate the rights of all the parties in the action and other matters remained to be adjudicated. *Signer v. Arnold*, Ky., 436 S.W.2d 493 (1969). In a recent case, this Court noted that an order allowing attorney fees, but not providing for a distribution of funds to the attorney, is not a "final order" from which an appeal will lie. As such, the order was interlocutory, and judicial economy necessitates this rule. *Revenue Cabinet v. Barbour*, Ky.App., 836 S.W.2d 418 (1992).

In the case at bar, the order of the ALJ was interlocutory. It did not adjudicate *finally* the rights of any of the parties and, as such, does not meet the test of CR 54.02 to be deemed "final" as required by § 12 of the Board Regulations. Ergo, the Board had no jurisdiction to hear this appeal. Likewise, this court has no jurisdiction to entertain this appeal for the same reason.

As to Reisinger's attempt to circumvent this rule by styling his appeal as a "Petition for Writ of Prohibition" (or mandamus), we find that there exists no statutory authority for this mechanism to get a question before the Board.

Because we have decided that the appeal from the ALJ's interlocutory order was inappropriate, it is unnecessary to reach the merits of this case. However, we will take this opportunity to make several observations.

We note that Reisinger's interpretation of § 5(4) of the Regulations of the Workers' Compensation Board appears to conflict with CR 26.02(4)(b). Section 5(4) reads:

> All parties shall be furnished with copies of all medical reports and vocational evaluation reports within thirty (30) days of the examination or evaluation by the party requesting the examination or evaluation.

This section clearly requires that copies of vocational evaluations, like the one done by Dr. Summitt, be furnished to the opposing party.

Moreover, § 17 of the Board Regulations uses the permissive "may" when it generally states that "[p]arties *may* obtain discovery...." (Emphasis added.) On the other hand, § 5 uses the mandatory "shall" when it specifically states that "[a]ll parties *shall* be furnished with copies of ... reports...." (Emphasis added.) This difference between the two rules could be a basis for reading them to be consistent with one another. Courts should be careful when construing statutes or regulations to harmonize any apparently conflicting provisions and give effect to both sections if possible. *Ledford v. Faulkner*, Ky., 661 S.W.2d 475 (1983); *See also Smith v. Wilson*, Ky., 269 S.W.2d 255 (1954).

Even if we were to find a conflict to exist between §§ 5 and 17 of the Board Regulations, we would be required to find the former controlling here. It is axiomatic that where two or more statutes or regulations are directed to the same subject matter, the more specific regulation controls the more general one. *Troxell v. Trammell*, Ky., 730 S.W.2d 525 (1987). In the present case, § 5(4) is unquestionably more specific than § 17's general incorporation of a number of civil rules.

The order of the Workers' Compensation Board is affirmed.

All concur.