POOLE TRUCK LINE, INC., Appellant,

v.

COMMONWEALTH of Kentucky, TRANS-PORTATION CABINET/DEPART-MENT OF HIGHWAYS, By and Through its Secretary, Don KELLY; Kentucky Board of Claims, By and Through its Chairman, Jack D. Razor; and Chris Gorman, Attorney General for the Commonwealth of Kentucky, Appellees.

No. 94–CA–0752–MR.

Court of Appeals of Kentucky.

Feb. 10, 1995.

Edward Adair, Will Stambaugh, Farmer & Farmer, London, for appellant.

Stewart Burch, Logan & Gaines, Frankfort, for appellees.

Before HOWERTON, JOHNSTONE and WILHOIT, JJ.

HOWERTON, Judge.

This appeal involves a Board of Claims decision that was affirmed by the Fayette Circuit Court. Though it found that the Commonwealth had been negligent in designing a highway intersection, the Board dismissed an indemnity action brought by Poole Truck Line, Inc. on the ground that such claims were no longer cognizable under the 1986 amendments to KRS 44.070(1). Poole argues that indemnity claims are neither collateral nor dependent and remain cognizable under the Board of Claims Act. Alternatively, it contends that if KRS 44.070(1) is found to preclude indemnity claims against the Commonwealth, then the statute is unconstitutional. We find no error and affirm.

We have reviewed the briefs and the applicable law and are in agreement with the trial court in all respects. Because Judge Noble's opinion is an excellent statement of the law on this issue, we adopt it as our own and set it out below.

This case arises out of an accident which occurred on August 27, 1986 in Laurel

County, Kentucky. On this date, a truck driven by Jessie Dorsey and owned by Poole Truck Line, Inc. (Poole) collided with a log truck driven by William Vaughn at the intersection of Ky. 30 and Ky. 490. Both drivers died as a result of the accident.

On May 12, 1987, the estate of William Vaughn filed a wrongful death action against Poole seeking damages attributable to the destruction of decedent's earning power and other economic losses. (*Orleen Vaughn as executrix of the estate of William Vaughn, et al v. Poole Truck Line, Inc.*, Laurel Circuit Court—Division I, Civil Action No. 91–C–260).

In this action, Poole maintained that the accident was caused by the faulty design and construction of the intersection. Poole moved to join the Transportation Cabinet as a party to the suit, alleging that the Transportation Cabinet was negligent in designing the intersection, thereby causing the accident. The motion was denied on grounds of sovereign immunity and that a negligence action against the State must originally be brought before the Board of Claims pursuant to KRS 44.070, et seq.

After its motion was denied, Poole settled with William Vaughn's estate. Pursuant to an agreement reached on December 29, 1988, Poole paid decedent's estate the sum of $275,000.

On August 29, 1988 Poole filed a claim with the Board of Claims against the Commonwealth of Kentucky, Transportation Cabinet and Department of Highways (*Poole Truck Lines, Inc., et al v. Commonwealth of Kentucky, et al*). In this action, Poole sought indemnification or contribution for the amount it paid pursuant to the settlement agreement entered into with the Vaughn estate. In addition, both Poole and the Vaughn estate sought recovery for damages suffered as a direct result of the accident.

The Board dismissed the claims brought by Poole and the Vaughn estate for damages suffered as a direct result of the accident. These claims were filed more than one year after the cause of action accrued. Therefore, they were barred by the statute of limitations as set down in KRS 44.110. However, the Board did not dismiss the claim for indemnification brought by Poole. A cause of action for indemnification accrues when payment is made to an injured party, not at the time of the underlying accident. *Commonwealth, Dept. of Transportation v. All Points Const. Co.*, Ky.App., 566 S.W.2d 171, 173 (1977). Therefore, the indemnity action was not barred by expiration of the one year statute of limitations period.

A hearing on the remaining claim was held before an officer of the Board of Claims on December 2nd and 3rd, 1991 in Lexington, Fayette County, Kentucky. Findings of Fact, Conclusions of Law, and an Order were entered by the Board of Claims on August 27, 1992. In the Order, the Board of Claims stated that the Transportation Cabinet was negligent in failing to properly design, construct, mark and otherwise maintain the intersection where the accident occurred. However, the Board ruled that an action for indemnification was collateral to or dependent on loss to another. Therefore, the action was dismissed pursuant to KRS 44.070(1).

Poole now appeals this order claiming that the Board erred in finding that a claim for indemnification is not in conformity with the provisions of KRS 44.070(1). In the alternative, Poole argues that if KRS 44.070(1) precludes an action for indemnification it violates Sections 14, 54 and other provisions of the Constitution for the Commonwealth of Kentucky.

Poole seeks to have the Order of the Board of Claims reversed, and judgment entered for it up to the statutory maximum of $100,000. In the alternative, it seeks to have KRS 44.070(1) declared unconstitutional to the extent that it bars an action for indemnification. Poole also seeks to be awarded costs and all other relief to which it might appear entitled.

*Argument*

*I: Interpretation of KRS 44.070(1)*

The legal issue in this case is relatively straightforward. As stated by the Plain-

tiff/Petitioner, the issue is "whether Poole's claims for indemnity arising from its payment to a third-party for negligence actually committed by the Commonwealth constitutes a 'collateral or dependant' [sic] claim barring recovery under KRS 44.070(1)." *Brief for Poole Truck Line, Inc.* at pg. 1. Though denying any negligence on the part of the Commonwealth, the Defendants/Respondents agree with this characterization of the legal issue. *Brief for Commonwealth* at pg. 2.

The Board of Claims Act, KRS 44.070, et seq., is a partial waiver of the state's sovereign immunity. KRS 44.072 provides:

"It is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth ... to be able to assert their just claims as herein provided. The Commonwealth thereby waives the sovereign immunity defense only in the limited situations as herein set forth. It is further the intention of the General Assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth ... in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute."

An action against the Commonwealth for its negligence must be brought pursuant to the Board of Claims Act, otherwise the Commonwealth is immune from suit.

KRS 44.070(1), as amended in 1986, provides in part:

"... provided, however, regardless of any provision of law to the contrary, the Commonwealth, its cabinets, departments, bureaus and agencies, and its officers, agents and employees, while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies, *shall not be liable for collateral or dependent claims which are dependent on loss to another and not the claimant....*" (emphasis added)

Interpretation of what constitutes a "collateral or dependent" claim which is "dependant [sic] on loss to another and not the claimant" is the issue in the present case. It is the opinion of the Attorney General that KRS 44.070(1), as amended, bars both subrogation and indemnification claims as collateral or dependent. OAG 87–45; OAG 87–63. However, to date there are no decisions interpreting this provision.

It is a well established rule of statutory construction that all words and phrases of a statute are to be construed according to common and approved usage of language, with a view to promote their objects. Therefore, it is for this court to decide whether an action for indemnity is a collateral or dependent claim which is dependent on loss to another and not the claimant as those phrases are commonly understood. In addition, the language must be construed in light of the stated objective of the legislation as set down in KRS 44.072. This section of the Board of Claims Act clearly provides that the General Assembly intends waiver of immunity only in limited situations. It expressly preserves immunity in all cases unless waiver has been specifically and expressly set forth. Therefore, unless the General Assembly has specifically and expressly waived immunity in contribution or indemnification actions under KRS 44.070(1), it has expressly preserved it by the terms of KRS 44.072.

"Contribution" is the right of one who has discharged a common liability to recover of another also liable, the aliquot portion which he ought to pay or bear. *St. Lewis v. Morris [Morrison],* 50 F.Supp. 510 [570] (D.C.Ky.1943). Contribution connotes a share in causation a right of one tort feasor against his or her co-wrongdoer. *Elpers v. Kimble [Kimbel],* Ky., 366 S.W.2d 157 (1963).

"Indemnity" is repayment to one party, by the party who caused the loss, of such amounts the first party was compelled to pay. *Liberty Mut. Ins. Co. v. Louisville and Nashville Railroad Company,* Ky., 455 S.W.2d 537, 541 (1970).

. . . .

In *Roehrig v. City of Louisville,* Ky., 454 S.W.2d 703 (1970), the Court held that a declaration or adjudication of liability for

contribution can be made before the right to recover has fully matured through payment. However, the proceeding for adjudication of a right to contribution cannot be brought before the injured party has asserted any claim.

Both indemnity and contribution depend upon liability by one or both parties to the original claimant who suffered the original loss. Without such liability, there is no independent right to indemnity or contribution. If these rights were not dependent upon the underlying claim, there would be no need to wait for assertion of that claim before an action could be brought. Therefore, both indemnity and contribution are "dependent on loss to another and not the claimant."

Plaintiff/Petitioner contends that the General Assembly meant to exclude only subrogation claims when it amended KRS 44.070(1) in 1986 to include the disputed language. To support this contention, Plaintiff/Petitioner relies on language from cases decided prior to the 1986 amendments discussing the inclusion of indemnification claims in actions heard before the Board of Claims. However, prior to 1986, KRS 44.070(1) allowed the Board to hear both indemnification and subrogation claims. KRS 44.070(1) has since been amended. It now excludes either subrogation or indemnification claims, if not both.

In addition to the pre-amendment cases, the Plaintiff/Petitioner relies on the rule of construction which states that items not specifically enumerated are excluded from a statutory prohibition. While this is an accurate statement of the law, it is inapplicable in this case. KRS 44.070(1) does not specifically list any claims to be excluded as being collateral or dependant [sic]. The language used is descriptive of the types of claims to be barred, without specifically listing any one of them. In fact, the argument that the language bars only "subrogation" and not "indemnification" claims, because "indemnification" is not specifically listed, is illogical. "Subrogation" is not listed either. Had the General Assembly desired that KRS 44.070(1) bar only "subrogation" actions it could have made that clear by specifically stating that only "sub-

rogation" claims were barred. Instead, it used language to describe the types of claims that it desired to be excluded from the waiver. Given the stated intent of the General Assembly to waive immunity only in the limited cases that it specifically and expressly sets forth, immunity is not waived in any claim which meets the description used in KRS 44.070(1). Since indemnity fits this description, it is no longer a cognizable cause of action under KRS 44.070(1).

This does not mean that a defendant in a negligence action will always be forced to pay for negligence properly attributable to the Commonwealth. Ordinary rules of contributory negligence allow for an apportionment of damages based on a like apportionment of fault. The defendant is protected in that he or she only has to pay damages based on his or her portion of the fault. The original plaintiff must resort to the Board of Claims to collect the remaining damages attributed to the state. KRS 44.070(1) merely prohibits the original defendant from bringing the same case before the Board of Claims in its own behalf as an action for indemnification or contribution.

## II: Constitutionality of KRS 44.070

The Kentucky Constitution Section 231 provides:

> "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth."

This section has been interpreted as meaning that until the General Assembly elects to subject the Commonwealth to claims, such claims are barred by the doctrine of sovereign immunity. *Cabinet for Human Resources, Commonwealth v. Poore*, Ky.App., 711 S.W.2d 498 (1986).

Although other sections of the Kentucky Constitution limit the power of the General Assembly to deny people access to the courts in certain circumstances, case law clearly states that these sections do not apply to suits against the Commonwealth itself. In *Rooks v. University of Louis-*

*ville,* Ky.App., 574 S.W.2d 923 (1978), the court held that:

> "The Doctrine of sovereign immunity had acceptance in our system of jurisprudence before the adoption of our first Constitution. It was then embodied therein, and it must be ·recognized that whatever may have been intended by sections 2, 14 and 26 of the Kentucky Constitution ... it was not intended that those sections should in any way impinge on the right of the Commonwealth by its General Assembly under Section 231 to direct in what manner and in what court suit may be brought against it." *Id.* at 879 [925].

The court also held that:

> "It is a basic rule of construction that the Constitution be interpreted whenever possible so as to harmonize various provisions. The present case offers just such a construction opportunity, and so it would seem that sovereign immunity does not contradict other parts of the state Constitution." *Id.* at 925.

Since the right to indemnity was recognized at common law, the Kentucky Constitution prohibits the General Assembly from abolishing this right. See *Kentucky Utilities v. Jackson County RECC,* Ky., 438 S.W.2d 788 (1968). However, this prohibition does not apply to suits against the Commonwealth itself. Section 231 of the Kentucky Constitution maintains the doctrine of sovereign immunity (also recognized at common law). Therefore, KRS 44.070(1) does not violate the Kentucky Constitution by maintaining sovereign immunity in indemnity and contribution actions filed against the Commonwealth.

*Conclusion*

The Order entered into by the Board of Claims on August 27, 1992, dismissing the action by Poole Truck Lines, Inc. against the Commonwealth for indemnification is affirmed. KRS 44.070(1) does not waive the state's sovereign immunity in indemnity actions, nor does it violate the Kentucky Constitution. While the result might be harsh in many instances, that is the nature of sovereign immunity. Immunity has been expressly maintained in the Commonwealth by its constitution. It is the prerogative of the General Assembly, not the courts, to waive immunity when and if it so chooses.

The judgment of the Fayette Circuit Court is affirmed.

All concur.