**AMERICAN PREMIER INSURANCE COMPANY, D/B/A Atlanta Casualty Group, Inc., Appellant,**

v.

**Timothy McBRIDE, Appellee.**

**No. 2003–CA–002121–MR.**

Court of Appeals of Kentucky.

Oct. 8, 2004.

Discretionary Review Denied by Supreme Court April 13, 2005.

Robert E. Stopher, David E. Crittenden, Louisville, KY, for appellant.

Frank N. King, Jr., Henderson, KY, for appellee.

Before COMBS, Chief Judge; MINTON and VANMETER, Judges.

## OPINION

MINTON, Judge.

The circuit court dismissed American Premier's automobile property damage subrogation case against Timothy McBride as untimely, applying the two-year statute of limitations found in KRS[1] 413.125, because the complaint was filed more than two years after the claim accrued, which occurred on the date of the automobile accident. We agree with the circuit court's application of the law, and we affirm the dismissal as time-barred.

On June 10, 2001, a collision occurred between vehicles driven by McBride and by Stephen Roberson (Stephen). Stephen was driving a car owned by his mother, Jane Roberson (Roberson). American Premier insured the Roberson car. American Premier made its first payment to Roberson for property damage to her car on July 17, 2001.

On June 13, 2003, the insurer filed a complaint against McBride seeking recompense for the $6,558.91 which it had paid Roberson for her property damage loss. McBride then filed a motion to dismiss this complaint for failure to state a claim upon which relief may be granted. He asserted that the complaint was untimely, based on

---

1. Kentucky Revised Statutes.

the two-year statute of limitations found in KRS 413.125. The circuit court granted McBride's motion on this basis and dismissed the complaint for failure to state a claim upon which relief can be granted.[2]

On appeal, American Premier raises the following issues: (1) the five-year limitations period found in KRS 413.120(2) is applicable rather than the two-year limitations period found in KRS 413.125; (2) if both KRS 413.125 and KRS 413.120(2) arguably apply, the statute with the longer limitations period governs; and (3) even if the two-year statute of limitations applies, American Premier's complaint was filed within two years because the claim did not accrue until payment was made to the injured party.

A motion to dismiss a complaint for failure to state a claim should not be granted unless it appears that the pleading party would not be entitled to relief under any set of facts.[3] When considering the sufficiency of the complaint, the allegations must be accepted as true.[4] Because the trial court is not required to make any findings of fact, our review is de novo.

To determine whether the circuit court properly dismissed American Premier's complaint for failure to state a claim upon which relief may be granted, we must determine the following: (1) the nature of American Premier's claim, (2) the applicable statute of limitations, and (3) when the claim accrued and the limitations period began to run.

## THIS IS A TRUE SUBROGATION CASE

First, we must consider the nature of American Premier's claim. The insurance company seeks to recover from McBride the $6,558.91 which it has paid to Roberson, its insured, for property damage to her car. It alleges that the motor vehicle accident which damaged Roberson's car was the result of McBride's negligence. The circuit court characterized American Premier's claim as a subrogation claim. Subrogation is "the rule of law which allows a party under a legal obligation to satisfy the debt of another and acquire the rights of the creditor against the debtor."[5] The following have been identified as the requisites for subrogation:

(1) payment by one of the debt of another; (2) subrogee is not a volunteer; (3) the debt is not one for which the subrogee is primarily liable; (4) the entire debt must be paid unless the others who made payment are joined; and (5) subrogation must not work any injustice to the rights of others.[6]

In contrast to a claim for subrogation, a claim for indemnification requires "some form of shared liability (as in the context ... of joint tortfeasors)."[7] Under Kentucky law, there is no common law indemnity without liability.[8] Specifically,

2. Kentucky Rules of Civil Procedure (CR) 12.02(f).

3. *Pari–Mutuel Clerks' Union of Kentucky, Local 541 v. Kentucky Jockey Club*, Ky., 551 S.W.2d 801, 803 (1977).

4. *Pike v. George*, Ky., 434 S.W.2d 626, 627 (1968).

5. *Wine v. Globe American Cas. Co.*, Ky., 917 S.W.2d 558, 561 (1996).

6. *Bryan v. Henderson Elec. Co.*, Ky.App., 566 S.W.2d 823, 825 (1978).

7. *Board of Educ. of Estill County, Kentucky v. Zurich Ins. Co.*, 180 F.Supp.2d 890, 892 (E.D.Ky.2002).

8. *Clark v. Hauck Mfg. Co.*, Ky., 910 S.W.2d 247, 253 (1995); *ARA Services v. Pineville Community Hosp.*, Ky.App., 2 S.W.3d 104, 107 (1999).

common law indemnity requires exposure to liability because of the wrongful act of another with whom one is not equally at fault.[9] For example, in *Poole Truck Line v. Com., Transp. Cabinet*,[10] a trucking company which was held vicariously liable after one of its drivers struck another truck, killing both drivers, sought indemnification from the Transportation Cabinet, alleging that the fatal accident was caused by the negligent design and construction of the intersection where it occurred.

In the case before us, American Premier shares no liability, direct or vicarious, with McBride for the motor vehicle accident. Instead, it is in what this Court has called "a true subrogation situation[,]" that of "an insurance carrier ... required to make payment to its insured for a loss caused by a third party."[11] Thus, we find no error in the circuit court's characterization of American Premier's claim as one for subrogation.

### WHY THE TWO-YEAR STATUTE OF LIMITATIONS APPLIES

Next, we must determine what statute of limitations applies to a subrogation claim for property damage arising out of a motor vehicle accident.

Kentucky's highest court has held that an insurance carrier seeking subrogation for payment of worker's compensation benefits which it has made to an insured is held to the same limitations period which would be applicable if the insured filed suit against the third-party tortfeasor.[12]

Likewise, this Court has stated, in *dicta,* that an insurance carrier which is required to make a payment to its insured for a loss caused by a third party is "bound by the limitations period applicable to the claim of the injured insured against the third party."[13]

■ To determine the limitations period applicable to American Premier's subrogation claim, we must look to the statute of limitations which would be applicable if Roberson, the insured, were proceeding directly against the alleged tortfeasor, McBride.

American Premier seeks to recover money it has paid Roberson for damage to her car. Roberson could have proceeded directly against McBride for negligently damaging her car. A car is personal property. So Roberson would be limited by KRS 413.125, which provides the limitations period for an action based on damage to personal property. KRS 413.125 states as follows: "An action for the taking, detaining or injuring of personal property, including an action for specific recovery shall be commenced within two (2) years from the time the cause of action accrued." The circuit court concluded that American Premier is bound by the same limitations period as Roberson the two-year limitations period found in KRS 413.125.

### WHY THE MVRA DOES NOT APPLY

■ On the contrary, American Premier asserts that the appropriate limitations period is actually five years, based on KRS 413.120(2). KRS 413.120 lists a number of actions which "shall be commenced within five (5) years after the cause of action accrued," each of which is enumerated in

9. *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d 775, 780 (2000).

10. Ky.App., 892 S.W.2d 611, 611–12 (1995).

11. *Com. Dept. of Transp. v. All Points Constr. Co.,* Ky.App., 566 S.W.2d 171, 173 (1977).

12. *Whitney v. Louisville & N.R. Co.,* 296 Ky. 381, 177 S.W.2d 139, 141 (1944).

13. *All Points Constr. Co.,* 566 S.W.2d at 173.

one of the statute's subsections. Among these subsections is KRS 413.120(2), which covers "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." Since this action arose out of a motor vehicle accident, American Premier looked to the Motor Vehicle Reparations Act (MVRA) [14] for an applicable statute of limitations.

Because the MVRA is silent regarding the limitations period for a subrogation claim arising out of a motor vehicle accident, American Premier concludes that KRS 413.120(2) applies. In support of this claim, American Premier relies upon *Gray v. State Farm Mut. Auto. Ins. Co.* [15] The issue before the court in *Gray* was determining what limitations period applies to a subrogation action brought by an insurance carrier seeking to recoup its payment of basic reparation benefits under the MVRA to its insured for personal injury. [16] The *Gray* court concluded that because the MVRA was silent regarding the applicable limitations period for a subrogation claim, the five-year limitations period in KRS 413.120(2) applied. [17]

But we find the instant case to be distinguishable from *Gray*. *Gray* dealt with statutory subrogation pursuant to the provisions of the MVRA [18] for basic reparation benefits paid under the act to an insured for personal injury sustained in a motor vehicle accident. In the instant case, the underlying claim is one for property damage, rather than personal injury, arising out of a motor vehicle accident.

Not all actions arising out of motor vehicle accidents are covered by the MVRA. [19] Specifically, we stated in *Duncan v. Beck*, that the MVRA "does not cover claims for property damage." [20] As authority to the contrary, American Premier cites KRS 304–39–115 [21] which establishes the loss of use of a motor vehicle for the time reasonably necessary to repair or replace it as a recognizable separate item of damage in any property damage liability claim. KRS 304.39–115 does not appear to apply to the instant case because it addresses only the loss of use of a motor vehicle.

Loss of use and damage to a motor vehicle itself are two distinct measures of recovery. [22] The record is silent regarding

---

14. KRS 304.39–010 through KRS 304.39–340.

15. Ky.App., 605 S.W.2d 775 (1980).

16. *Id.* at 775–76.

17. *Id.* at 776.

18. *Id. See* KRS 304.39–070(2), KRS 304.39–070(3).

19. *Floyd v. Gray*, Ky., 657 S.W.2d 936, 939 (1983) (holding that claim for loss of consortium arising out of a motor vehicle accident does not fall within MVRA).

20. Ky.App., 553 S.W.2d 476, 478 (1977), *overruled in part on other grounds by Smith v. Higgins*, Ky., 819 S.W.2d 710, 712 (1991).

21. KRS 304.39–115 states as follows:

Loss of use of a motor vehicle, regardless of the type of use, shall be recognized as an element of damage in any property damage liability claim. Such a claim for loss of use of a motor vehicle shall be limited to reasonable and necessary expenses for the time necessary to repair or replace the motor vehicle.

22. Recovery for loss of use of personal property is "a separate item of damages, over and beyond the usual measure of recovery" where the personal property has been damaged through tortious conduct. 22 Am.Jur.2d *Damages* § 445 (1988). For example, the owner of a car which was damaged through the negligence of another party is entitled not only to traditional property damages-either the difference in the car's market value before and after the accident or the cost to repair the car, whichever is appropriate-but also the reasonable value of the loss of use of the car

whether American Premier paid its insured, Roberson, for the loss of use of her car. But even if it did, it may not raise that issue now for the first time. Because American Premier has based its subrogation claim solely on the amount of money which it paid Roberson to repair her car, KRS 304.39–115 has no direct application. Nevertheless, because the statute was enacted after *Duncan* was rendered,[23] we must examine its effect, if any, on the scope of the MVRA regarding property damage claims in general.

 KRS 304.39–115 is codified within the MVRA.[24] Notwithstanding its location in the code, nothing in the text of the statute suggests that it has any connection to the MVRA. If it is intended to amend the MVRA to include all types of property damage claims, it does not say so on its face. We must accord the words of a statute their commonly understood meaning unless to do so would render an absurd conclusion.[25] We may also "look to the mischief the act was intended to remedy, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law, and all other prior and contemporaneous facts and circumstances that throw intelligent light on the intention of the Legislature."[26]

 Prior to the statute's enactment, Kentucky common law prevented recovery for loss of use of a motor vehicle unless the vehicle was used for a commercial purpose.[27] Also, loss of use damages were not available for the time needed to replace a motor vehicle that was damaged beyond repair but only for the time needed to repair a damaged vehicle.[28] It is a universal rule of statutory construction that "it must be presumed that the Legislature intended something by what it attempted to do."[29] Based on the plain meaning of the text of KRS 304.39–115 and its effect, the General Assembly's purpose in enacting the statute was to do what it did: to alter the common law relating to damages available in a motor vehicle property damage claim, rather than to alter the complex statutory scheme of the MVRA by greatly expanding its coverage.

The limited, available legislative history also supports this conclusion. When this legislation was introduced as House Bill 175 (HB 175), it was merely entitled "AN ACT [sic] relating to automobile insurance,"[30] which was later amended[31] to

---

during the time reasonably necessary to repair the damage. *Id.*

23. Enacted Ky. Acts 1988, ch. 18, § 1, effective July 15, 1988.

24. As previously noted, the MVRA is found at KRS 304.39–010 through 304.39–340.

25. KRS 446.080, *Bailey v. Reeves*, Ky., 662 S.W.2d 832, 834 (1984).

26. *Grieb v. National Bank of Kentucky's Receiver*, 252 Ky. 753, 68 S.W.2d 21, 23 (1933).

27. *See Anderson v. Shields*, 314 Ky. 228, 234 S.W.2d 739, 741–42 (1950), *Wittmer v. Jones*, Ky., 864 S.W.2d 885, 889 (1993).

28. *See Wittmer*, 864 S.W.2d at 889.

29. *Grieb v. National Bond and Inv. Co.*, 264 Ky. 289, 94 S.W.2d 612, 617 (1936).

30. Journal of the House of Representative of the General Assembly of the Commonwealth of Kentucky [House Journal] at 29 (1988). HB 175, as originally proposed, read as follows:

The automobile insurer of an insured who damages another person's automobile in an automobile accident due to the negligence of the insured shall compensate the owner of the automobile damaged by its insured for loss of use of the automobile, regardless of its use, by providing the owner of the damaged automobile with a substitute automobile no later than forty-eight (48) hours after the accident is reported to the insurer and for such time as may be reasonably necessary to repair or replace it.

"AN ACT [sic] relating to motor vehicle insurance." Neither title indicates legislation proposing a major change to the complex statutory scheme of the MVRA. Indeed, the proposed legislation was originally designated by the reviser as a new section of Subtitle 20, KRS Chapter 304, which would have placed it in the provisions on casualty insurance contracts rather than in the MVRA.[32] But, at the same time, the House Committee on Banking and Insurance proposed a substituted version of HB 175;[33] and its code designation was changed to that of a new section of KRS 304.39–110 to 304.39–120. The reason for this change by the reviser is unknown and is not explained by the changes in the substituted version of HB 175.

■ The Kentucky Supreme Court has recently clarified that such decisions by the reviser are not to be considered in construing a statute or act.[34] The title of an enactment given to it by the legislative body is a proper consideration in its construction.[35] In contrast, the title of the KRS Chapter where an enactment is placed by the reviser or the location within the code where it is placed are not to be considered in its construction.[36]

■ It is a fundamental maxim of statutory construction that an act is to be read as a whole.[37] Reading the MVRA as a whole, it is clear that KRS 304.39–115 is not an integral part of the act. In fact, we believe that it was erroneously codified within the middle of the act. And it has no significance on the construction of the MVRA.[38] Reading the MVRA as a whole, even after the enactment of KRS 304.39–115, we reach the same conclusion that a panel of this court did in *Duncan v. Beck* prior to that statute's enactment: the MVRA does not cover claims for property damage.

■ Since the MVRA does not cover property damage claims, any subrogation claim based on property damage arising out of a motor vehicle accident cannot be based on the act's provisions on subrogation. The underlying claim in this case is common law negligence resulting in property damage. American Premier's subrogation claim is based on the provisions of its insurance contract with Roberson[39] and "the principals [sic] of common law subrogation."[40] KRS 413.120(2) establishes a five-year limitations period for "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." But American Premier's

---

31. The title was amended pursuant to a recommendation by the House Committee on Banking and Insurance. House Journal at 257.

32. *Id.*

33. *Id.* It was also amended when the Senate proposed the addition of what is now the second sentence of KRS 304.39–115. Journal of the Senate of the General Assembly of the Commonwealth of Kentucky at 374 (1988).

34. *Popplewell's Alligator Dock No. 1, Inc. v. Revenue Cabinet*, Ky., 133 S.W.3d 456, 463–64 (2004).

35. *Id.* at 463.

36. *Id.* at 463–64. *See also* KRS 446.140.

37. *Popplewell's Alligator Dock No. 1, Inc.*, 133 S.W.3d at 465–66.

38. *Cf. id.* (holding that KRS 139.483, a tax exemption statute, is an integral part of the Port and River Development Commission Act and must be construed consistently with that act as a whole, despite the fact that the statute was codified in the Sales and Use Chapter, KRS Chapter 139).

39. *See* Complaint at ¶ 7.

40. *See id.* at ¶ 9.

claim is based entirely upon common law and contractual law. Unlike *Gray*, this is not an instance in which the action at issue is "[a]n action upon a liability created by a statute." Therefore, contrary to American Premier's assertions, KRS 413.120(2) does not apply. We find that the circuit court correctly identified the relevant statute of limitations as KRS 413.125, which establishes a two-year limitations period for actions involving injury to personal property.

## THERE IS NO CHOICE BETWEEN COMPETING STATUTES

This determination necessarily disposes of American Premier's second assertion. Relying on *Troxell v. Trammell*,[41] American Premier asserts that if KRS 413.120(2) and KRS 413.125 both arguably apply, then the statute with the longer limitations period should govern since "statutes of limitation [sic] are in derogation of a presumably valid claim."[42] But, unlike *Troxell*, this is not a situation in which a choice must be made between two arguably applicable statutes of limitations. For the reasons previously noted, the circuit court correctly determined that KRS 413.120(2) cannot apply to this action because it is not an action upon a liability created by a statute. Since only KRS 413.125 applies to the instant action, the fact that the limitations period found in KRS 413.120(2) is longer is irrelevant.

## THE SUBROGATION CLAIM AROSE ON THE ACCIDENT DATE

■ Finally, we must determine when American Premier's claim accrued, beginning the running of the two-year limitations period. The circuit court held that

American Premier's claim accrued at the same time as Roberson's claim against McBride. Roberson's claim against McBride accrued when he damaged her car in the accident on June 10, 2001. American Premier did not file its complaint until June 13, 2003. Since this is more than two years after its subrogation claim accrued, the circuit court concluded that American Premier's complaint was time-barred under KRS 413.125.

But American Premier asserts that its claim did not accrue until July 17, 2001, the date it made its first payment to Roberson for property damage. The filing date of June 13, 2003, is within two years of July 17, 2001. Therefore, American Premier asserts that its suit was timely filed, even if the two-year statute of limitations applies. The insurance carrier relies upon *Poole Truck Line*,[43] in which this Court stated, "[a] cause of action for indemnification accrues when payment is made to an injured party, not at the time of the underlying accident."[44]

As previously noted, the instant case is not an action for indemnification but, rather, an action for subrogation. Indeed, American Premier identifies this case as "a property-damage subrogation case" in its brief.[45] Case law concerning the accrual of an indemnification action has no bearing on this subrogation action. In *Com. of Kentucky v. All Points Const. Co.*,[46] one way in which this Court distinguished between a subrogation claim and a claim for indemnification or contribution was to note that the statute of limitations for a claim for indemnification or contribution based on a tort runs from the time of the pay-

---

41. Ky., 730 S.W.2d 525 (1987).

42. *Id.* at 528.

43. 892 S.W.2d 611.

44. *Id.* at 612.

45. Appellant's Brief, Introduction at 2.

46. 566 S.W.2d 171.

ment rather than the time of the commission of the tort.[47] The negative implication is that the opposite is true for a claim for subrogation based on a tort. And this is demonstrated in *Waters v. Transit Auth. Of River City*,[48] in which this Court held that an insurance carrier's subrogation claim to recover workers' compensation benefits which it had paid to an employee injured in an automobile accident accrued at the same time as the injured employee's claim against the tortfeasor, at the time of the accident.[49]

American Premier's subrogation claim based on the underlying tort of negligence committed against its insured accrued when the underlying negligent act occurred. The two-year limitations period for American Premier's subrogation claim began to run from the date of the motor vehicle accident in which its insured suffered property damage, rather than from the date when it paid its insured. Therefore, the circuit court properly determined that the fact that the complaint was filed within two years of American Premier's payment to its insured does not save the complaint from being untimely.

## DISPOSITION

Because American Premier's complaint was filed more than two years after its subrogation claim accrued, the circuit court's order characterized the complaint as untimely and dismissed this action for failure to state a claim upon which relief may be granted. Finding no error, we affirm the order of dismissal.

ALL CONCUR.

---

47. *Id.* at 173.

48. Ky.App., 799 S.W.2d 56 (1990).

49. *Id.* at 58.