NOT DESIGNATED FOR PUBLICATION

No. 127,612

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

T.H.E.M.O.E.S. LLC.,
*Appellee*,

v.

RIVERSIDE TRANSPORT, INC., and RIVERSIDE TRANSPORTATION, INC.,
*Appellants*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CATHERINE DECENA TRIPLETT, judge. Oral argument held March 11, 2025. Opinion filed April 18, 2025. Reversed and remanded with directions.

*Jonathan E. Benevides*, of Baker Sterchi Cowden & Rice, LLC, of Kansas City, Missouri, for appellant.

*Taylor P. Foye* and *Joseph A. Kronawitter*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, for appellee.

Before MALONE, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: The sole issue in this interlocutory appeal is whether Ky. Rev. Stat. Ann. § 304.39-115 applies to T.H.E.M.O.E.S. LLC's (T.H.E.M.O.E.S.) property damage claim against Riverside Transport, Inc., and Riverside Transportation, Inc. (Riverside Transport). The parties agree this question is governed by Kentucky law and, after reviewing Kentucky caselaw interpreting this statute, we find the statute applies to T.H.E.M.O.E.S.'s property damage claims. We therefore reverse the district court's decision granting T.H.E.M.O.E.S.'s motion to alter or amend the district court's summary

1

judgment decision and remand with instructions to grant partial summary judgment in favor of Riverside Transport.

FACTUAL AND PROCEDURAL BACKGROUND

This case arises from a collision of two commercial tractor-trailers at a rest stop in Kentucky. When Riverside Transport's vehicle was attempting to pull into an adjacent parking spot, it struck T.H.E.M.O.E.S.'s parked vehicle.

T.H.E.M.O.E.S. sued Riverside Transport to recover damages for property loss resulting from the collision, "including, but not limited to, costs of repair, costs of replacement and lost profits." The parties agree that Kentucky law applies to their dispute. But they disagree on the type of damages T.H.E.M.O.E.S. can recover. Riverside Transport claimed in its answer and motion for application of Kentucky law that T.H.E.M.O.E.S.'s loss of use damages are limited by Ky. Rev. Stat. Ann. § 304.39-115, which states:

> "Loss of use of a motor vehicle, regardless of the type of use, shall be recognized as an
> element of damage in any property damage liability claim. Such a claim for loss of use of
> a motor vehicle shall be limited to reasonable and necessary expenses for the time
> necessary to repair or replace the motor vehicle."

T.H.E.M.O.E.S. disagreed and moved for partial summary judgment on Riverside Transport's defense that Ky. Rev. Stat. Ann. § 304.39-115 limits T.H.E.M.O.E.S.'s recovery for lost profits.

The district court granted partial summary judgment for Riverside Transport. But it later reversed course and granted T.H.E.M.O.E.S.'s motion to alter or amend this decision, finding Ky. Rev. Stat. Ann. § 304.39-115 does not apply to T.H.E.M.O.E.S.'s property damage claims. The court then certified for interlocutory appeal under

2

K.S.A. 2024 Supp. 60-2102(c), to determine the issue of whether Ky. Rev. Stat. Ann. § 304.39-115 applies to this case. Riverside Transport applied for interlocutory review to this court, which we granted.

DOES KY. REV. STAT. ANN. § 304.39-115 APPLY TO
T.H.E.M.O.E.S.'S PROPERTY DAMAGE CLAIMS?

The parties agree the only question we must answer is whether Ky. Rev. Stat. Ann. § 304.39-115 applies and therefore limits the loss of use damages T.H.E.M.O.E.S. can recover. We have unlimited review of the district court's answer to this legal question. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022) (appellate courts have unlimited review over statutory interpretation questions).

The parties' arguments are straightforward and largely address the same two Kentucky court opinions: *Duncan v. Beck*, 553 S.W.2d 476 (Ky. Ct. App. 1977), and *American Premier Ins. Co. v. McBride*, 159 S.W.3d 342 (Ky. Ct. App. 2004). T.H.E.M.O.E.S. contends Ky. Rev. Stat. Ann. § 304.39-115 does not limit its property damage claim because the statute is embedded in the Kentucky Motor Vehicles Reparation Act (MVRA), and Kentucky courts have held property damage claims are not subject to the MVRA. See *Duncan*, 553 S.W.2d at 478. On the other hand, Riverside Transport contends Ky. Rev. Stat. Ann. § 304.39-115, by its plain language, applies to T.H.E.M.O.E.S.'s claims. It argues *Duncan*'s holding is of limited value in resolving our dispute because the opinion was issued before Ky. Rev. Stat. Ann. § 304.39-115 was enacted. And it points out the Kentucky Court of Appeals found in *McBride* that Ky. Rev. Stat. Ann. § 304.39-115 is a standalone statute which happens to be listed in the MVRA, meaning the MVRA does not affect Ky. Rev. Stat. Ann. § 304.39-115 and vice versa. T.H.E.M.O.E.S. agrees *McBride* is controlling, but it contends *McBride*'s holding is essentially the same as *Duncan*'s. That is, it says *McBride* held the enactment of Ky. Rev. Stat. Ann. § 304.39-115 did not expand the MVRA to include property damage claims.

3

Because the parties argue—and we agree—that *McBride* is dispositive, we will address that opinion first.

The underlying claim in *McBride* was one for property damage resulting from a motor vehicle accident. No loss of use damages were alleged, so the Kentucky court was not called upon to apply Ky. Rev. Stat. Ann. § 304.39-115 to the plaintiff's damages. Rather, the court addressed the impact of Ky. Rev. Stat. Ann. § 304.39-115 on the scope of the MVRA. The issue on appeal concerned which statute of limitations applied, and the Kentucky court had to determine whether Ky. Rev. Stat. Ann. § 304.39-115 changed the scope of the MVRA to allow property damage claims to be brought under the Act. 159 S.W.3d at 347-48.

Like we do in Kansas, the Kentucky court began its analysis by examining the language of Ky. Rev. Stat. Ann. § 304.39-115. And it acknowledged the unusual placement of Ky. Rev. Stat. Ann. § 304.39-115—a statute which authorizes certain property damage claims—within the MVRA because, as it recognized in *Duncan*, the MVRA does not cover such claims. *McBride*, 159 S.W.3d at 347. It went on to note "nothing in the text of the statute suggests that it has any connection to the MVRA," nor does it express any intention to amend the MVRA to include all types of property damage claims. 159 S.W.3d at 348. Since the language of the statute did not answer its question, the court then set out to examine "'the mischief the act was intended to remedy, the historical setting surrounding its enactment, the public policy of the state, the conditions of the law, and all other prior and contemporaneous facts and circumstances that throw intelligent light on the intention of the Legislature.'" 159 S.W.3d at 348.

Before Ky. Rev. Stat. Ann. § 304.39-115 was enacted, Kentucky common law "prevented recovery for loss of use of a motor vehicle unless the vehicle was used for a commercial purpose." *McBride*, 159 S.W.3d at 348. And "loss of use damages were not available for the time needed to replace a motor vehicle that was damaged beyond repair

4

but only for the time needed to repair a damaged vehicle." 159 S.W.3d at 348. Considering the plain meaning of the statute against this backdrop, the court determined the statute's purpose was to "alter the common law relating to damages available in a motor vehicle property damage claim, rather than to alter the complex statutory scheme of the MVRA by greatly expanding its coverage." 159 S.W.3d at 348. In other words, Ky. Rev. Stat. Ann. § 304.39-115 was meant to alter the common law governing motor vehicle property damage claims, not alter the MVRA. 159 S.W.3d at 348-49.

The Kentucky court found support for this conclusion in the limited legislative history of Ky. Rev. Stat. Ann. § 304.39-115's enactment. It explained:

> "When this legislation was introduced as House Bill 175 (HB 175), it was merely entitled 'AN ACT [sic] relating to automobile insurance,' which was later amended to 'AN ACT [sic] relating to motor vehicle insurance.' Neither title indicates legislation proposing a major change to the complex statutory scheme of the MVRA. Indeed, the proposed legislation was originally designated by the reviser as a new section of Subtitle 20, KRS Chapter 304, which would have placed it in the provisions on casualty insurance contracts rather than in the MVRA. But, at the same time, the House Committee on Banking and Insurance proposed a substituted version of HB 175; and its code designation was changed to that of a new section of KRS 304.39-110 to 304.39-120. The reason for this change by the reviser is unknown and is not explained by the changes in the substituted version of HB 175." 159 S.W.3d at 348-49.

The court also noted that the Kentucky Supreme Court had clarified that decisions made by the reviser are "not to be considered in construing a statute or act." 159 S.W.3d at 349. More specifically, "the title of the [Ky. Rev. Stat. Ann.] Chapter where an enactment is placed by the reviser or the location within the code where it is placed are not to be considered in its construction." 159 S.W.3d at 349.

5

The Kentucky court then stated, "It is a fundamental maxim of statutory construction that an act is to be read as a whole" and, when reading the MVRA as a whole, "it is clear that [Ky. Rev. Stat. Ann. §] 304.39-115 is not an integral part of the act." 159 S.W.3d at 349. This means, according to the Kentucky court, Ky. Rev. Stat. Ann. § 304.39-115 has "no significance on the construction of the MVRA." 159 S.W.3d at 349. In fact, the Kentucky court ultimately determined Ky. Rev. Stat. Ann. § 304.39-115 was erroneously codified in the middle of the act. 159 S.W.3d at 349.

Here, the district court and T.H.E.M.O.E.S. focused solely on the placement of Ky. Rev. Stat. Ann. § 304.39-115 within the Kentucky statutory code. But in doing so, they miss *McBride*'s ultimate conclusion: Ky. Rev. Stat. Ann. § 304.39-115's placement in the MVRA does not change that statute's meaning. The Kentucky court found Ky. Rev. Stat. Ann. § 304.39-115 is a standalone statute which happens to be listed in the MVRA. The MVRA thus does not affect Ky. Rev. Stat. Ann. § 304.39-115 and vice versa. *McBride* suggests Ky. Rev. Stat. Ann. § 304.39-115 means exactly what it says, despite its placement in the Kentucky statutory code. 159 S.W.3d at 348-49.

Riverside Transport points to another Kentucky case, *Demus v. Nationwide Property and Casualty Ins. Co.*, No. 5:15-112-DCR, 2015 WL 8207501 (E.D. Ky. 2015) (unpublished opinion), claiming *Demus* aligns with *McBride*'s interpretation of Ky. Rev. Stat. Ann. § 304.39-115. In *Demus*, the Eastern District of Kentucky addressed several issues. One of these issues concerned a claim under Kentucky law for damages for time without the use of plaintiff's truck "including loss to income, loss of time, and inconvenience." 2015 WL 8207501, at *10. The Eastern District of Kentucky court looked at Ky. Rev. Stat. Ann. § 304.39-115 and considered whether the following damages were within the category of reasonable and necessary expenses:

"one hour plus 30 miles each weekday for 10 weeks: $1202.50 = (7.25 + (56¢/mi. x 30 miles)) x 5 days/week x 10 weeks delivery payments for feed, straw, and other supplies: $500 (est.)

"income difference due to disruption to participation in trainer sales in winter months: $5500 (est.)" 2015 WL 8207501, at *10.

The court concluded these damages did not "fall within the category of 'reasonable and necessary expenses' covered by [Ky. Rev. Stat. Ann.] § 304.39-115." 2015 WL 8207501, at *10. It explained:

"Demus' gas mileage certainly does not qualify as an expense associated with loss of one's vehicle. Demus would have to pay for his own gasoline even if he had access to his vehicle.

"Further, the statute provides for recovery of 'expenses,' not lost income or lost time. The statute's reasonable and necessary requirement presupposes reimbursement for some kind of replacement transportation, like bus fees or the cost of a rental vehicle. No such expense appears on Demus' list. In fact, Nationwide's claims log submitted by Demus into the Court's record indicates that Nationwide offered him a rental vehicle but Demus declined. Demus may not claim any 'necessary expenses' for loss of use under [Ky. Rev. Stat. Ann.] § 304.39-115 where Nationwide offered to provide replacement transportation but Demus refused." 2015 WL 8207501, at *10.

Thus, the Eastern District of Kentucky concluded Ky. Rev. Stat. Ann. § 304.39-115 does not allow for recovery of lost income or lost time. 2015 WL 8207501, *10.

Riverside Transport also points out the Eastern District of Kentucky reaffirmed its earlier holding in *Demus* when it denied Demus' motion for reconsideration. *Demus v. Nationwide Property and Casualty Ins. Co.*, No. 5: 15-112-DCR, 2016 WL 3248285, at *3-4 (E.D. Ky. 2016) (unpublished opinion).

7

T.H.E.M.O.E.S., however, claims *Demus* should be discounted because it says the Eastern District of Kentucky was not advised of "the binding precedent" of *Duncan* and *McBride*. T.H.E.M.O.E.S. claims that Ky. Rev. Stat. Ann. § 304.39-115 was "<u>never mentioned</u> in the *Demus* summary judgment briefing" which meant the *Demus* court brought up the statute on its own. And it contends the *Duncan* and *McBride* decisions stand for the principle that the MVRA bars any property damage claim. The district court bought into this position, finding *Demus*' analysis of Ky. Rev. Stat. Ann. § 304.39-115 "was an afterthought."

But just because *Duncan* and *McBride* were not briefed or discussed does not mean the *Demus* decision was incorrect or should be ignored. T.H.E.M.O.E.S.'s and the district court's position is based on their misreading of *McBride* and misplaced reliance on *Duncan.* Like Riverside Transport contends, we find *Demus* should be considered simply as an outcome consistent with *McBride*'s findings.

T.H.E.M.O.E.S. points to another Eastern District of Kentucky case *Harnish v. Safe Auto Ins. Co.*, No. 03-183-DLB, 2005 WL 1868785 (E.D. Ky. 2005) (unpublished opinion)—which it contends undercuts Riverside Transport's reliance on *Demus*. In *Harnish*, the plaintiffs sued their insurance company for the damage done to their real property by a motor vehicle and loss of rental income. The insurance company had denied their claim based on an exclusion in the policy, but the plaintiffs claimed the exclusion was unenforceable because it undermined Kentucky's "'public policy of compulsory liability insurance . . .' embodied in the [MVRA]." 2005 WL 1868785, at *1. Yet the Eastern District of Kentucky court found the plaintiffs' reliance on the MVRA was unfounded because the MVRA does not apply to property damage claims, which were the only type of claims the plaintiffs alleged. 2005 WL 1868785, at *3.

T.H.E.M.O.E.S. says the federal court in *Harnish* found Ky. Rev. Stat. Ann. § 304.39-115 "to be inapplicable because the []MVRA 'does not cover property damage

8

claims.'" Again, T.H.E.M.O.E.S. cherry-picks language from a case without recognizing its full context. While it is true the federal court found the MVRA does not cover property damage claims, the only place Ky. Rev. Stat. Ann. § 304.39-115 is mentioned is in a block quote from *McBride* which not only explains that the MVRA does not cover claims for property damage but also mentions Ky. Rev. Stat. Ann. § 304.39-115 is erroneously codified within the middle of the MVRA. 2005 WL 1868785, at *3. It is a complete misreading of *Harnish* to say it in any way addresses Ky. Rev. Stat. Ann. § 304.39-115.

In the order granting T.H.E.M.O.E.S.'s motion to alter and amend, after the district court found Ky. Rev. Stat. Ann. § 304.39-115 does not apply, it stated: "The analysis ends there." But it then observed: "At its root, this Court is a Court of equity and insofar as possible, a party should not be denied a part of the loss he/she has suffered as a result of the wrongful act of another." It concluded that "the trier of fact should be able to consider lost profits in awarding damages."

T.H.E.M.O.E.S. argues the district court's equity analysis is not an issue before this court. But it then argues equity supports the district court's outcome because it claims there is "no 'public policy' supporting the external application" of Ky. Rev. Stat. Ann. § 304.39-115 to "non-personal injury tort claims."

Yet we need not evaluate nor consider the equity arguments made here because equity principles do not apply. The Kentucky Supreme Court noted in *Bell v. Cabinet for Health & Family Servs., Dep't for Cmty. Based Servs.*, 423 S.W.3d 742, 747 (Ky. 2014): "Equity is only a supplement to the law for when there is no remedy at law." And "if there *is* a statute or case precedent or rule going a certain way, a trial court may not depart from it on the basis of equity. Law trumps equity." 423 S.W.3d at 747-48. In other words, where written law conflicts with equitable considerations and estoppel, the written law will prevail. 423 S.W.3d at 748.

9

Here, the Kentucky Legislature has provided guidance on loss of use claims involving property damage for a motor vehicle accident. Ky. Rev. Stat. Ann. § 304.39-115. Because a written statute exists, Ky. Rev. Stat. Ann. § 304.39-115's plain language and guidance will control over equitable considerations. Thus, we need not consider the equity analysis by the district court or the parties because the equity analysis is displaced by Ky. Rev. Stat. Ann. § 304.39-115.

CONCLUSION

Kentucky appellate courts have advised: "Courts should be careful when construing statutes or regulations to harmonize any apparently conflicting provisions and give effect to both sections if possible." *Reisinger v. Grayhawk Corp.*, 860 S.W.2d 788, 790 (Ky. App. 1993). The Kentucky courts have also advised that "where two or more statutes or regulations are directed to the same subject matter, the more specific regulation controls the more general one." 860 S.W.2d at 790; see *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987). That is, even when there is a conflict between two or more statutes, the provisions of the more specific statute will control over the general ones. 730 S.W.2d at 528. These maxims also guide our agreement with *McBride*'s holding. Ky. Rev. Stat. Ann. § 304.39-115 specifically and clearly covers property damage claims for loss of use of a motor vehicle. To read it as part of the MVRA would eviscerate its meaning, rendering it useless. We presume the Kentucky Legislature does not enact useless legislation and the best way to harmonize this conflict is to recognize—like the Kentucky court did in *McBride*—that Ky. Rev. Stat. Ann. § 304.39-115 is a standalone statute which is independent of the MVRA.

T.H.E.M.O.E.S. alleged a property damage claim based on its loss of use of its motor vehicle arising from a motor vehicle accident. Thus, under Kentucky law, Ky. Rev. Stat. Ann. § 304.39-115 applies. This means, the claim by T.H.E.M.O.E.S. "for loss of

10

use of a motor vehicle shall be limited to reasonable and necessary expenses for the time necessary to repair or replace the motor vehicle." Ky. Rev. Stat. Ann. § 304.39-115.

We reverse and remand with directions to grant partial summary judgment in favor of Riverside Transport.

Reversed and remanded with directions.